Evelyn ZERMAN, Plaintiff-Appellant,

v.

Andrew J. MELTON, Jr., Robert M. Gardiner, Peter Byrne and Dean Witter Reynolds, Inc., Defendants-Appellees.

No. 511, Docket 83-7441.

United States Court of Appeals, Second Circuit.

Argued Nov. 28, 1983.

Decided June 1, 1984.

---

Evelyn Zerman, pro se.

John F.X. Peloso, New York City (Dorothy E. Hughes, Sage, Gray, Todd & Sims, New York City), for defendants-appellees.

Before LUMBARD, WINTER and PRATT, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment entered in the Southern District of New York dismissing Mrs. Zerman's complaint. In it, she alleged violations of a panoply of federal and state laws in the handling of her margin securities account by defendant, Dean Witter Reynolds, Inc. and three of its employees also named as defendants.

This complaint is merely the latest in a series of actions brought either by the plaintiff or by her husband, Ernest Zerman, against different brokerage houses. *See Zerman v. Jacobs*, 510 F.Supp. 132 (S.D.N.Y.), *aff'd mem.* 672 F.2d 901 (2d Cir.1981); *Zerman v. Cowen*, 82 Civ. 1232 (S.D.N.Y. March 3, 1983); *Zerman v. Ball*, 735 F.2d 15 (2d Cir. 1984). The complaints in these cases allege disturbingly similar circumstances of fraudulent conduct by different brokers occurring over the course of four years and having to do with purchases of Government National Mortgage Association certificates and other bonds on margin. Viewed in their totality, the allegations of the four complaints indicate that Mr. or Mrs. Zerman purchased bonds on margin, filed a complaint alleging securities fraud, then purchased more bonds through different brokers followed by other complaints. In *Ball*, for example, Mrs. Zerman alleged a failure of the defendants there to inform her of the nature of a margin account at a time just after her husband had filed a complaint in *Jacobs* indicating his unfortunate experience with margin accounts.

The complaint in the instant case is remarkably similar to the complaint in *Ball*, again alleging a failure to take into account Mrs. Zerman's status as a housewife innocent of investment complexities. Yet the fraudulent activities alleged in the instant case occurred at a time when the fraudulent nature of the activities alleged in *Ball* must have become obvious to Mrs. Zerman through the monthly statements she was receiving.

In *Ball*, we reversed as to one allegation of fraudulent misrepresentation which was facially sufficient to survive a motion to dismiss. We noted that her other claims of fraud were insufficient under Fed.R.Civ.P. 9(b) to state a valid claim for relief. We have examined the complaint in the instant case and have concluded that none of her allegations allege fraud with sufficient particularity to survive scrutiny under Rule 9(b). In light of the repetitive actions alleging similar fraud by different brokerage houses over periods of time sufficiently lengthy to have apprised Mr. and Mrs. Zerman of the complexities of their investment transactions and to have sensitized them to their peculiar vulnerability to fraudulent conduct, we perceive no reason to accord her the usual opportunity to amend a complaint before dismissal under Rule 9(b).

Appellees have moved for double costs and attorney's fees for this appeal. Since it is the totality of the litigation brought by the Zermans which causes skepticism about their claims, and the evidentiary record before us on this single appeal, given the pendency of *Ball*, falls short of demonstrating the bad faith necessary to award such fees, *Nemeroff v. Abelson*, 704 F.2d 652, 659–60 (2d Cir.1983), we deny the motion. However, repetitive and baseless claims brought to recoup investment losses may lead to such an award.

Since our holding is that the complaint should be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim for relief, we need not reach the procedural issues raised by appellant regarding summary judgment.

Affirmed.