**Ernest R. ZERMAN, Plaintiff-Appellant,**

**v.**

**Harry A. JACOBS, Jr., individually, H. Virgil Sherrill, individually, and Bache Halsey Stuart Shields Inc., Defendants-Appellees.**

**No. 287, Docket 84–7373.**

United States Court of Appeals, Second Circuit.

Argued Nov. 19, 1984.

Decided Dec. 13, 1984.

Michael Straus, New York City (Jeh Charles Johnson, Sullivan & Cromwell, New York City, of counsel) for defendants-appellees.

Ernest R. Zerman, pro se.

Before LUMBARD, MANSFIELD and CARDAMONE, Circuit Judges.

PER CURIAM:

When a party, after engaging in a course of harassing litigation, appeals the denial of a Rule 60(b) motion on patently frivolous grounds, double costs plus attorneys fees should be assessed under Federal Rule of Appellate Procedure 38. Ernest R. Zerman, a lawyer, appeals from an order of the United States District Court for the Southern District of New York (Edward Weinfeld, *J.*) that denied his Rule 60(b) motion to set aside that court's order, which confirmed an arbitration award and entered judgment in favor of defendants Bache Halsey Stuart Shields Inc., the name of which has been changed to Prudential Bache Securities Inc. ("Bache"), and two of its officers. We affirm.

I

Plaintiff Zerman originally brought this action in June 1980 alleging claims under the Securities and Exchange Act of 1934, rules of the National Association of Securities Dealers, and state and common law in connection with a margin securities account he maintained with defendant Bache. Bache counterclaimed. The substance of plaintiff's claims were discussed in detail in an opinion by the district court. *See Zerman v. Jacobs*, 510 F.Supp. 132 (S.D.N.Y.), *aff'd*, 672 F.2d 901 (2d Cir.1981). In that opinion the district court stated that "plaintiff, seizing upon a mere computer error, is attempting to convert it into a claim of fraud under the federal securities laws." *Zerman*, 510 F.Supp. at 134. Concluding that Zerman "failed to state a proper claim under any provision of the federal securities laws," *id.* at 135, the district court granted Bache's motion to compel arbitration on the state and common law claims based upon plaintiff's agreement to arbitrate all claims arising out of his brokerage account. We affirmed the district court's decision by summary order. *Zerman*, 672 F.2d 901.

Zerman thereupon proceeded to file a series of motions in an effort to resist arbitration. After he had engaged in twenty months of delaying tactics, the district judge enjoined him from filing further motions until his claims were resolved in arbitration. Again plaintiff took an appeal that was unsuccessful. *Zerman v. Jacobs*, No. 80 Civ. 3570 (S.D.N.Y. Nov. 12, 1982), *appeal dismissed*, 729 F.2d 1443 (2d Cir. 1983). In January 1983, when plaintiff failed to appear at the scheduled arbitration, the arbitrators awarded Bache $47,-234.57 with interest on its counterclaim.

On March 8, 1983 the district court confirmed the arbitration award and entered judgment against plaintiff.

Over a year later, in April 1984, plaintiff moved before the district court under Rule 60(b) to set aside the final judgment. Zerman argued that a newly promulgated SEC Rule, 17 C.F.R. § 240.15c2–2 (1984), constituted "newly discovered evidence" under Rule 60(b)(2), and that legal arguments made by defendant's counsel as to the applicability of the Supreme Court's decision in *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), constituted "misrepresentation, or other misconduct of an adverse party" under Rule 60(b)(3). The district court, its patience tried by plaintiff's "course of harassing litigation," denied the motion. Judge Weinfeld's conclusion was concise: "The grounds asserted for vacatur of the judgment are so patently frivolous as to merit no discussion. The application is denied." *Zerman v. Jacobs*, No. 80 Civ. 3570 (S.D.N.Y. Mar. 31, 1984). Undaunted by the district court's message, plaintiff appeals again.

## II

■ SEC Rule 15c2–2, promulgated by the Securities and Exchange Commission, 17 C.F.R. § 240.15c2–2,[1] does not constitute "newly discovered evidence" that justifies granting relief from the judgment within the meaning of Rule 60(b)(2) of the Federal Rules of Civil Procedure. Nor does this Rule issued in 1983 retroactively invalidate the 1977 agreement between Zerman and Bache. *See* SEC Rule 15c2–2(c).

SEC Rule 15c2–2, in any event, is not applicable here. In *Wilko v. Swan* the Supreme Court held that an agreement between a broker and customer to arbitrate federal securities law claims is unenforceable. The district court concluded, and we agreed, that Zerman could not avoid the arbitration provision of his customer agreement under *Wilko v. Swan* because he had failed to state a proper claim under any provision of the federal securities laws. *Zerman v. Jacobs*, 510 F.Supp. at 134–35. SEC Rule 15c2–2, restating the rule of *Wilko v. Swan*, only addresses the situation involving disputes between broker and customer "arising under the Federal securities law." SEC Rule 15c2–2(a). It therefore cannot serve as a basis for setting aside this judgment under Rule 60(b)(2). In light of the district court's holding that Zerman's complaint fails to state a claim under the federal securities laws, and our affirmance of that order, defense counsel's argument that *Wilko v. Swan* has no application to this case obviously does not constitute "misrepresentation, or other misconduct of an adverse party" within the meaning of

---

1. § 240.15c2–2 Disclosure regarding recourse to the courts notwithstanding arbitration clauses in broker-dealer customer agreements.

(a) It shall be a fraudulent, manipulative or deceptive act or practice for a broker or dealer to enter into an agreement with any public customer which purports to bind the customer to the arbitration of future disputes between them arising under the Federal securities laws, or to have in effect such an agreement, pursuant to which it effects transactions with or for a customer.

(b) Notwithstanding paragraph (a) of this section, until December 31, 1984 a broker or dealer may use existing supplies of customer agreement forms if all such agreements entered into with public customers after December 28, 1983 are accompanied by the separate written disclosure:

Although you have signed a customer agreement form with FIRM NAME that states that you are required to arbitrate any future dispute or controversy that may arise between us, you are not required to arbitrate any dispute or controversy that arises under the federal securities laws but instead can resolve any such dispute or controversy through litigation in the courts.

(c) A broker or dealer shall not be in violation of paragraph (a) of this section with respect to any agreement entered into with a public customer prior to December 28, 1983 if:

(1) Any such public customer for whom the broker or dealer has after July 1, 1983 (i) carried a free credit balance, or (ii) held securities for safekeeping or as collateral, or (iii) effected a securities transaction is sent, no later than December 31, 1984, the disclosure prescribed in paragraph (b) of this section; or

(2) Any other public customer is sent upon the completion of his next transaction pursuant to such agreement, the disclosure prescribed in paragraph (b) of this section.

Rule 60(b)(3). Thus, there is no basis for setting aside the judgment.

■ This appeal is frivolous. Plaintiff, having kept this lawsuit going for over four years, is making his third trip to this Court. He continues to relitigate the same issue that the district court decided and we affirmed in 1981.[2] Plaintiff has cast his line one time too many. As a consequence, Zerman is assessed double costs in this Court plus $2,500 damages for taking a frivolous appeal, payable to Prudential Bache Securities Inc. within fourteen days of the issuance of this order. *See* Fed.R. App.P. 38.

---

2. Plaintiff has brought other actions on issues apparently similar to the present case. *See Zerman v. Bache Halsey Stuart Shields Inc.*, No. 83 Civ. 7980 (S.D.N.Y. May 7, 1984); *Zerman v. Cowen*, No. 82 Civ. 1232 (S.D.N.Y. Feb. 9, 1983).

We note that plaintiff's wife has brought suit against different brokerage houses also alleging circumstances of fraudulent conduct similar to the present case. *See Zerman v. Melton*, 735 F.2d 751 (2d Cir.1984); *Zerman v. Ball*, 735 F.2d 15 (2d Cir.1984). Although in *Melton* we denied appellee's motion for double costs and attorney's fees, we warned that "repetitive and baseless claims brought to recoup investment losses may lead to such an award." *Zerman v. Melton*, 735 F.2d at 752.