Evelyn ZERMAN, Plaintiff,

v.

**E.F. HUTTON & COMPANY, INC., Defendant.**

No. 82 Civ. 4527 (MP).

United States District Court, S.D. New York.

Feb. 26, 1986.

Evelyn Zerman, pro se.

Snow, Becker, Kroll, Klaris & Krauss, New York City by Joan Secofsky, for defendant.

MILTON POLLACK, Senior District Judge.

## MEMORANDUM

This is a motion by plaintiff Evelyn Zerman to amend the complaint by rejoining Robert Fomon and George Ball as defendants, by adding Edward Gioiella as a defendant, and by adding RICO claims against all four defendants under 18 U.S.C. §§ 1962(c) and 1964(c) and of Florida's Racketeer Influenced and Corrupt Organization Act, FSA § 895.01 et seq. For the reasons stated below, the motion will be denied.

## BACKGROUND

This suit was originally brought by Evelyn Zerman ("Zerman") *pro se* against George Ball ("Ball"), Robert Fomon ("Fomon") and E.F. Hutton & Co. ("Hutton") in June 1982. The complaint alleged that on July 1, 1980, Mrs. Zerman purchased two securities from Hutton. Zerman contended that numerous misrepresentations and omissions were made in connection with her purchase of the securities and charged that these statements and omissions violated §§ 7, 10, 15, 20 and 29 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78g, 78j, 78o, 78t, 78cc (1982), and Rules 10b–5 and 10b–16, §§ 12(2) and 17 of the Securities Act of 1933 and various provisions of Florida law.

In November 1982, the District Court dismissed the complaint against all three defendants. On appeal the Second Circuit upheld the judgment in large part. *Zerman v. Ball*, 735 F.2d 15 (2nd Cir.1984). The Second Circuit held that, under any of the statutes, regulations and rules invoked, the complaint failed to state a claim against Ball or Fomon because neither Ball nor Fomon had any contact with Zerman, nor made any statements to her. In addition, the Court held that there was no support for Zerman's claim that Ball and Fomon had "failed to supervise."

As to Hutton, the Second Circuit upheld the dismissal of all claims except one; the Court concluded that the complaint stated a claim against Hutton under § 10(b) of the 1934 Act and Rule 10b–5 with respect to an alleged representation by Hutton that the market for municipal securities was and had been up.[1]

Now, five and a half years after Mrs. Zerman's purchase of securities, three and a half years after the complaint was filed, and one and a half years after the Second Circuit dismissed Ball and Fomon from the suit, Mrs. Zerman seeks to amend the complaint to rejoin Ball and Fomon, to add a new defendant, Edward Gioiella, ("Gioiella"), an Assistant Vice-President of Hutton and Hutton's Assistant General Counsel and to add RICO counts against all four defendants.

Specifically, the proposed amendments seek to add allegations of misrepresentation and omission against Hutton, Ball and Fomon for failing to disclose the nature of the margin account and the credit terms, the fact that the GNMA certificate had to be sold at the market price and the fact that title to the GNMA was to remain in Hutton's name. The proposed amendments further allege that Hutton violated Rule 15c, promulgated pursuant to Section 15(c) of the Exchange Act, 15 U.S.C. § 78*o*

(c), by illegally loaning the GNMA. In addition, they allege that the debt was incurred in violation of Florida usury and unlawful debt statutes. Finally, the amendments seek to add federal and state RICO claims against all four defendants. In support of these claims, Mrs. Zerman relies on the Supreme Court's recent holding in *Sedima, S.P.R.L. v. Imrex Co., Inc.*, — U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) that RICO may be asserted in a civil suit.

## DISCUSSION

■ A district court has broad discretion in determining whether or not to grant a motion to amend the complaint. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). Although leave to amend is to be freely granted, the liberal amendment principles of Rule 15(a) do not require the court to indulge in futile gestures. Leave to amend need not be granted where the amendments would serve no purpose. *See Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

■ The proposed amended complaint is filled with verbose, repetitive and rambling language and appears to have been asserted for coercive and improper purposes. The complaint is little more than a rehash of the allegations in the original complaint which were previously rejected by the Second Circuit.

Plaintiff's allegations that the defendants failed to disclose the nature of the margin accounts, the price at which the GNMA would be sold and that title of the certificate would remain in Hutton were dismissed by the Second Circuit as insufficient as a matter of law. The Second Circuit held that these alleged omissions were actually revealed to the plaintiff in the margin agreement signed by her.[2] The

---

1. The Zermans subsequently petitioned for a partial rehearing on the grounds that their summons reached the pro se clerk on June 18, 1982, not on July 12, 1982 as stated in the opinion. The Second Circuit changed the date in its opinion from July 12 to June 18 and denied the petition in all other respects.

2. The Second Circuit also held, as to the alleged omission concerning the title to the GNMA certificate, that even if provable, this assertion

claims for violations of Florida usury law and unlawful debt were also previously asserted by the plaintiff and rejected as deficient.

■ Furthermore, plaintiff's allegation that Hutton violated Section 15 by improperly loaning her GNMA is contradicted by the fact that Mrs. Zerman signed a Customer's Loan Consent which authorized Hutton to lend any security held on margin. Moreover, even if this allegation were true, the claim would fail because there is no suggestion that Mrs. Zerman suffered injury from the action.

■ Finally, as to the federal and state RICO claims, the the plaintiff has failed to assert two predicate acts which are sufficiently related to constitute a pattern in connection with the conduct of an ongoing enterprise, as is required to sustain a RICO claim. *See Sedima*, 105 S.Ct. at 3285 n. 14.

Mrs. Zerman asserts violations of § 10(b) of the Securities Act of 1934, Rule 10b–5, 12(2) and 17 of the Securities Act of 1933, the mail fraud statute, 18 U.S.C. 1341 & 1343, Rule 15c and various Florida statutes concerning fraud, usury, and unlawful debt as supposed predicate acts to support the RICO claims. As stated above, these alleged violations are the same claims or are based on the same legal theories as those which Mrs. Zerman previously asserted against Ball and Fomon and which were dismissed by the Second Circuit for failing to state a claim on which relief could be granted. *See Mende v. Dun & Bradstreet, Inc.*, 670 F.2d 129 (9th Cir.1982) (upholding a denial of leave to amend because the proposed claims were based on legal theories which were rejected in prior litigation between the parties).

In her original complaint, Zerman charged that the defendants made numerous misrepresentations and omissions in connection with her purchase of the securities. The Second Circuit dismissed plaintiff's claims against Ball and Fomon because they had no connection with Mrs. Zerman's investment. As to Hutton, all but one of those claims of misrepresentation were dismissed. The remaining single claim of misrepresentation is insufficient to sustain the two predicate acts necessary for a RICO claim. *See Sedima*, 105 S.Ct. at 3285.

■ In an attempt to establish the requisite pattern of racketeering, plaintiff seizes on Hutton's recent well-publicized guilty plea in connection with its overdrawing of its bank accounts. However, the allegation that Hutton engaged in an overdrafting scheme can not serve as a predicate act for plaintiff's RICO claim because there is no relation between plaintiff's claim and the check overdrafting, *see Sedima*, 105 S.Ct. at 3285 n. 14 (stating that the predicate acts must be related to establish a pattern of racketeering), and further, Mrs. Zerman was not injured by the check overdrafting. *See id.* at 3285–86 (stating that a plaintiff only has standing to recover to the extent that he has been injured by the conduct).

■ Finally, plaintiff's attempt to add Mr. Gioiella as a defendant must also be denied. The RICO claim against Gioiella is unsupported. Mr. Gioiella's only connection to the Zermans is that he was the attorney assigned to deal with the Zermans complaint and subsequent litigation. He did not in any way participate in the investment transaction; his only contact with the case was after the Zerman's purchased the securities. There is thus no substance to the claim that his actions violated RICO.

■ Moreover, plaintiff's claim that Gioiella intentionally and fraudulently misled the Second Circuit by stating that this action was filed on July 12, 1982, instead of June 18, 1982, is completely unsupported. Mr. Gioiella's affidavit submitted in support of defendant's motion for partial summary judgment stated that the summons

would not be grounds for imposing liability on the defendants since there was no indication that it had caused injury.

indicated that it was filed on July 12, 1982.[3] Because the summons is stamped as having been dated on July 12, 1982, it is clear that Mr. Gioiella did not commit a fraud.

Accordingly, plaintiff's motion to amend the complaint is denied.

█ Plaintiff is an inveterate litigant whose claims have been almost uniformly denied. She, through her husband, a lawyer admitted to the New Jersey bar, have an extensive history of litigation. Self evidently, Mrs. Zerman's claims have been and are being prosecuted by her husband. Both Mrs. Zerman and her husband presently reside in Florida. To eliminate the inconvenience of dealing with Mr. and Mrs. Zerman by mail and long distance telephone, this Court has heretofore directed the Zermans either, to designate local counsel pursuant to Rule 3(b) of the General Rules of this Court or, to designate the Clerk for the receipt and delivery of legal papers.

The Zermans have established a pattern of bringing meritless, unfounded, extravagant and unsupported claims. They have brought at least nine different civil suits in the Southern District of New York, the Southern District of Florida and the Florida state courts, in the last five years and have taken at least seventeen appeals in these cases, with virtually uniform lack of success. The cases are listed in the addendum to this memorandum.

In these cases, plaintiff has asserted strikingly similar charges of fraudulent conduct by different brokerage firms and members thereof in connection with the purchase on margin of Government National Mortgage Association Certificates and other bonds. The Zermans have habitually asserted those claims through verbose, redundant and conclusory language. They have also frequently filed motions which lack substance and attempted to relitigate issues that have previously been decided. Those of the plaintiff's claims that have been dismissed as frivolous have resulted in assessments against the Zermans for double costs and attorney fees for their "course of harassing litigation." In *Zerman v. Melton*, 735 F.2d 751, 752 (2d Cir. 1984), the Court of Appeals warned the Zermans that further "repetitive and baseless claims brought to recoup investment losses may lead to [an award of double costs and attorney fees]."

In a similar case of "an habitual *pro se* litigant whose claims were often conclusory and lacking in legal merit", *Leighton v. Paramount Pictures Corporation*, 340 F.2d 859 (2d Cir.1965), the Court of Appeals said that a $2000 "security requirement and stay were reasonable measures designed to further the effective administration of [the] suit...." *Id.* at 861.

Given the past litigation history of the Zermans and the present attempt to amend the complaint to rejoin defendants who were previously dismissed, and to add insufficient RICO claims based on legal theories which were previously rejected or are wholly unsupported, plaintiff is ordered to post a bond for costs in the amount of $2,500 pursuant to Rule 39 of the Civil Rules for the Southern and Eastern Districts of New York. *See Haberman v. Tobin*, 626 F.2d 1101 (2d Cir.1980) (upholding the imposition of a $10,000 security bond pursuant to Local Rules 2 (the predecessor to Rule 39) with respect to a federal securities claim). In the event that circumstances develop requiring even greater security, the defendant may apply therefor on a showing of good cause.

All proceedings on the part of plaintiff are stayed until the security is posted. If the plaintiff fails to post such security within two months hereof, the Court will entertain an application for the involuntary discontinuance of this litigation.

## ADDENDUM

### ZERMAN'S PAST LITIGATION HISTORY

1. *Zerman v. Jacobs*

   a. *Zerman v. Jacobs*, 510 F.Supp. 132 (S.D.N.Y.1981) (dismissing claims alleg-

---

**3.** It appears that although the complaint was filed on July 12, 1982, it reached the pro se clerk on June 18, 1982. The Second Circuit took this fact into consideration on a petition by the Zermans for a partial rehearing; the Court corrected the date and denied the petition in all other respects.

ing fraudulent misrepresentation in violation of federal securities laws and state law against broker)

b. *Zerman v. Jacobs,* 672 F.2d 901 (aff'g decision below, without opinion) (2d Cir.1981)

c. *Zerman v. Jacobs,* 459 U.S. 811, 103 S.Ct. 36, 74 L.Ed.2d 48 (1982) (motion to direct the clerk to file the petition for writ of certiorari denied)

d. *Zerman v. Jacobs,* 464 U.S. 859, 104 S.Ct. 183, 78 L.Ed.2d 163 (1983) (cert. denied)

e. *Zerman v. Jacobs,* 510 F.Supp. 132 (S.D.N.Y.1981) (enjoining plaintiffs from filing further frivolous, delaying motions until their state and common law claims are resolved in arbitration)

f. *Zerman v. Jacobs,* 729 F.2d 1443 (2d Cir.1983) (dismissing appeal without opinion)

g. *Zerman v. Jacobs,* No. 80 Civ. 3570 (S.D.N.Y.1984) (denying motion to set aside judgment and stating that the grounds on which the motion is based are "so patently frivolous as to merit no discussion")

h. *Zerman v. Jacobs,* 751 F.2d 82 (2d Cir.1984) (per curiam) (finding the appeal frivolous and assessing double costs and $2500 in attorney fees)

i. *Zerman v. Jacobs,* 464 U.S. 341, 104 S.Ct. 399, 78 L.Ed.2d 341 (1983) (cert. denied)

j. *Zerman v. Jacobs,* 697 F.2d 302 (2d Cir.1982) (denying mandamus without opinion)

2. *Zerman v. Cowen,* 82 Civ. 1232 (S.D.N.Y.1983) (claim for fraudulent misrepresentation, breach of fiduciary duty and failure to supervise in connection with the purchase of government bonds, action discontinued with prejudice and without costs to either party, by stipulation)

3. *Zerman v. Ball,* No. 82 Civ. 4527 (S.D.N.Y.1983) (dismissing claims for fraudulent misrepresentation in violation of federal securities laws and state law against broker and employees thereof)

*Zerman v. Ball,* 735 F.2d 15 (2d Cir.1984) (aff'g in part and rev'g in part, assessing the costs of two of the defendants against plaintiff)

4. *Zerman v. Melton,* No. 82 Civ. 6846 (S.D.N.Y.1983) (granting summary judgment for defendants on claims alleging fraudulent conduct by brokerage house and employees thereof)

*Zerman v. Melton,* 735 F.2d 751 (2d Cir. 1984) (per curiam) (aff'g decision below, refusing to grant double costs or attorney fees to defendants because plaintiffs' behavior in this action alone did not demonstrate bad faith, but warning plaintiffs that if they continuted to bring baseless claims, sanctions would be imposed)

*Zerman v. Melton,* —— U.S. ——, 106 S.Ct. 135, 88 L.Ed.2d 111 (1985) (cert. denied)

5. *Zerman v. Bache, Halsey, Stuart, Shields, Inc.,* No. 83 Civ. 7980 (S.D.N.Y. 1984) (dismissing claims alleging federal securities laws violations and fraud against broker and enjoing plaintiff from relitigating claims presented in this case in any federal court) [this action raised the same issues previously litigated and dismissed in *Zerman v. Jacobs,* 510 F.Supp. 132]

*Zerman v. Bache,* 755 F.2d 915 (2d Cir. 1985) (aff'g judgment below and assessing double costs and reasonable attorney fees for taking a frivolous appeal)

6. *Zerman v. Sullivan & Cromwell,* No. 84 Civ. 5938 (S.D.N.Y.1984) (defamation action, motion to dismiss pending)

7. *Zerman v. Avant Garde Condominium Assoc.,* 462 So.2d 1120 (Fla.App.1985) (aff'g unreported decision below, Circuit Court in Broward County, without opinion)

*Zerman v. Avant Garde,* 466 So.2d 218 (Fla.1985) (appeal from 462 So.2d 1120, petition for review dismissed)

*Zerman v. Avant Garde,* —— U.S. ——, 106 S.Ct. 217, 88 L.Ed.2d 217 (1985) (appeal dismissed for want of jurisdiction)

8. *Zerman v. Wolofsky,* No. 84 Civ. 5071 (S.D.Fla.) (unreported)

*Zerman v. Wolofsky,* 749 F.2d 731 (11th Cir.1984) (dismissing appeal, without opinion)

*Zerman v. Wolofsky,* No. 84 Civ. 5477 (S.D. FLa.) (unreported)

*Zerman v. Wolofsky,* 753 F.2d 1086 (11th Cir.1985) (aff'g without opinion decision below)

9. *Zerman v. Jacobs,* No. 84 Civ. 4518 (S.D.FLa.) (unreported)

*Zerman v. Jacobs,* 751 F.2d 1259 (11th Cir.1984) (aff'g decision below without opinion)