Evelyn **ZERMAN**, Plaintiff,

v.

**E.F. HUTTON & COMPANY, INC.**, Defendant.

No. 82 Civ. 4527 (MP).

United States District Court, S.D. New York.

April 10, 1987.

Evelyn Zerman, pro se.

Snow, Becker, Kroll, Klaris & Krauss by Joan M. Secofsky, New York City, for defendant.

MILTON POLLACK, Senior District Judge.

Defendant E.F. Hutton & Company, Inc. ("Hutton") moves for an involuntary dismissal of plaintiff's complaint, with prejudice. Hutton further requests an award of $7325 in attorney's fees and $70 in costs. For the reasons stated below, defendant's motion will be granted in all respects.

## BACKGROUND

This case was filed in the name of Evelyn Zerman, acting *pro se*,[1] in June, 1982, naming Hutton and two Hutton executives as defendants. Plaintiff alleged numerous federal securities laws violations on the part of defendants, in connection with her purchase of several securities from Hutton. In November 1982, the Court dismissed the complaint for failure to state a claim. The Second Circuit affirmed as to the Hutton executives, but held that the complaint stated a valid claim against Hutton under § 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 thereunder.[2]

One and a half years later, in February, 1986, plaintiff moved to amend the complaint, seeking to add three Hutton executives as defendants (including the two who were previously dismissed) and to add a RICO[3] count against all four defendants. This Court denied the motion to amend, holding that the complaint was "little more than a rehash of the allegations in the original complaint which were previously rejected by the Second Circuit".[4] Further, in light of plaintiff's "pattern of bringing meritless, unfounded, extravagant and unsupported claims,"[5] the Court ordered, pursuant to Rule 39 of the Civil Rules for the Southern and Eastern District of New York,[6] that plaintiff post a bond for costs in the amount of $2500. The Court stated that "if the plaintiff fails to post such security within two months hereof, the Court will entertain an application for the involuntary discontinuance of this litigation."[7]

Plaintiff appealed from this ruling. The Second Circuit, in a brief but emphatic opinion, labeled Zerman's appeal "frivolous" and dismissed it for lack of jurisdiction.[8] The Appeals Court ordered plaintiff to pay defendant double costs plus attorneys' fees on the appeal. The Court directed that plaintiff may not further prosecute this action in the district court until it pays over such fees and stated that the district court would resolve any dispute as to the

1. Mrs. Zerman's husband is a retired lawyer, apparently managing her litigation.

2. *Zerman v. Ball,* 735 F.2d 15, 22 (2d Cir.1984). These statutes and regulations are found at 15 U.S.C. § 78j(b); 17 C.F.R. 240.10b–5.

3. The Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §§ 1961–1968.

4. *Zerman v. E.F. Hutton & Co., Inc.,* 628 F.Supp. 1509, 1511 (S.D.N.Y.1986).

5. *Id.* at 1513. For a compendium of Zerman's history of frivolous litigation, including nine civil suits and seventeen appeals, see the Addendum to this Court's previous opinion, 628 F.Supp. at 1513–1515. Since that time, the sorry record of plaintiff's abuse of the courts has only grown. *See Zerman v. Ball,* No. 86–7901 (2d Cir. Dec. 9, 1986) (Frivolous appeal dismissed); *Zerman v. Jacobs,* 814 F.2d 107 (2d Cir.1987) (Zerman exhibited a "clear failure to appreciate the gravity of bringing frivolous ac-

tions and filing frivolous appeals"; the Court directed that no further papers be accepted on behalf of Zerman, acting *pro se,* in any civil matter before the Second Circuit until Zerman provides proof of compliance with previously imposed sanctions.)

6. Rule 39 provides: "The court, on motion or in its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate. For failure to comply with the order the court may make such orders in regard to non-compliance as are just, and among others the following: an order striking out pleadings or staying further proceedings until the bond is filed or dismissing the action or rendering a judgment by default against the non-complying party."

7. 628 F.2d at 1513.

8. *Zerman v. Ball,* No. 86–7901 (2d Cir. Dec. 9, 1986).

amount of attorney's fees. Further, the Court said that the district court may apply, as it sees fit, any "further remedial, disciplinary, or prophylactic actions" against plaintiff, including the transmittal of its findings to the appropriate authorities of the bar of the State of New Jersey, where plaintiff's husband, who has assisted in her representation, is admitted.

## THE INSTANT MOTION

■ Both Rule 41(b) of the Federal Rules[9] and Rule 39 of the local rules explicitly state that a court has authority to order the dismissal of a claim when plaintiff disobeys an order of the court. Over thirteen months ago, this Court ordered Zerman to post a $2500 security bond and warned her of the consequences if she did not comply. Zerman has disobeyed that Order of this Court. That action, in the context of Zerman's continuing abuse of this and other courts by bringing repeated and usually baseless litigation, merits the extreme sanction of dismissal with prejudice. Plaintiff's "clear record of delay [and] contumacious conduct" in this case[10] has divested her of the right to continue this action, now or in the future.

■ Plaintiff opposes defendant's motion, apparently contending that this Court lacks jurisdiction because this case, despite the dismissal by the Second Circuit, is still under appeal. In this regard, plaintiff has attempted to file a certiorari petition before the United States Supreme Court.[11] Given the Second Circuit's recent decision in this case, it is patently clear that plaintiff's appeal is, as the Second Circuit put it, "frivolous." The Second Circuit's dismissal plainly demonstrates that the Order appealed from is interloctory, not entitling plaintiff to a separate appeal before a final judgment is entered in the case.[12] The filing of a certiorari petition, even if considered as an appeal for these purposes, does not divest this court of jurisdiction over this case, given that the order appealed from is non-appealable.[13]

Defendant also requests attorneys' fees and costs. In granting these, this Court is enforcing the explicit ruling of the Second Circuit that such an award be made. Plaintiff has not offered any opposition to defendant's statement on attorney's fees. Having reviewed defendant's attorney's listing of the time spent on the appeal, and finding such accounting reasonable, the Court grants defendant's application in full. The Circuit Court Clerk has certified that double costs in this action amount to $70, and this too, as per order of the Second Circuit, is awarded to defendant.

## CONCLUSION

This action is accordingly dismissed with prejudice and it is ordered that defendants recover of the plaintiff the sum of $7395, constituting $7325 in attorneys' fees and $70 in costs, as ordered by the Court of Appeals. Execution shall issue thereon.

So Ordered.

---

9.  Rule 41(b) of the Federal Rules of Civil Procedure states, in relevant part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits."

10.  *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir.1967); *Richman v. General Motors Corp.*, 437 F.2d 196, 199 (1st Cir.1971).

11.  Plaintiff's initial application for certiorari was rejected by the Supreme Court Clerk for failure to comply with the Court's rules. A second application was received at the Court on March 25, 1987, but this Court has received no indication that the certiorari petition has actually been officially filed at the Court.

12.  28 U.S.C. §§ 1291, 1292.

13.  *Leonhard v. United States,* 633 F.2d 599, 610 (2d Cir.1980) (The filing of a notice of appeal from a non-appealable order does not divest the district court of jurisdiction to proceed in the case), *cert. denied,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981); *Cochran v. Birkel,* 651 F.2d 1219, 1222 (6th Cir.1981) (A notice of appeal from a plainly non-appealable order may properly be ignored by the district court), *cert. denied,* 454 U.S. 1152, 102 S.Ct. 1020, 71 L.Ed.2d 307 (1982).