Nulankeyutmonen NKIHTAQMIKON,
Plaintiff,

v.

BUREAU OF INDIAN AFFAIRS,
Department of the Interior,
Defendants.

No. CV–05–188–B–W.

United States District Court,
D. Maine.

March 4, 2009.

David K. Mears, Justin E. Kolber, Patrick A. Parenteau, Environmental and Natural Resources Law Clinic, Vermont Law School, South Royalton, VT, Lynne A. Williams, Law Office of Lynne A. Williams, Bar Harbor, ME, for Plaintiff.

necessary to prevent irreparable injury.'' 5 U.S.C. § 705.

Evan J. Roth, U.S. Attorney's Office, District of Maine, Portland, ME, Robin A. Friedman, U.S. Department of Justice, Division of General Law, U.S. Department of the Interior, Stephanie Yu, U.S. Department of Interior, Office of the Solicitor, Washington, DC, for Defendants.

## ORDER ON MOTION FOR RELIEF FROM JUDGMENT

JOHN A. WOODCOCK, JR., Chief Judge.

On June 16, 2008, the Court of Appeals for the First Circuit stayed the Plaintiff's appeal and invited a motion in this Court for relief from judgment under Federal Rule of Civil Procedure 60(b). The Court grants the Plaintiff's motion under Rule 60(b)(2), newly discovered evidence, and Rule 60(b)(5), relief from judgment based on an earlier judgment that has been reversed. It does not reach the Plaintiff's Rule 60(b)(6) argument, since Rule 60(b)(6) is a catchall provision, which only becomes applicable when none of the other provisions of Rule 60(b) pertains.

## I. STATEMENT OF FACTS

### A. Complaint, Order, Appeal, and Stay

On December 6, 2005, a group of members of the Passamaquoddy Tribe acting under the name Nulankeyutmonen Nkihtaqmikon (NN) filed a Freedom of Information Act (FOIA) claim against the Bureau of Indian Affairs (BIA) and the Department of the Interior.[1] In its First Amended Complaint, NN sought declaratory and injunctive relief on three bases: (1) that the BIA failed to conduct an adequate search in response to NN's requests for records; (2) that the BIA wrongfully withheld documents; and, (3)

that the BIA engaged in an impermissible practice of "delayed disclosure" that has caused and will continue to cause injury to NN. *See Nulankeyutmonen Nkihtaqmikon v. Bureau of Indian Affairs*, 493 F.Supp.2d 91, 95 (D.Me.2007) (*NN II*). On June 22, 2007, the Court issued an extensive Order denying NN's motion for summary judgment and granting BIA's cross-motion. *Id.* at 116. On August 17, 2007, NN appealed to the Court of Appeals for the First Circuit, and on June 16, 2008, the First Circuit issued an Order, which states in relevant part:

The plaintiff-appellant [NN] has brought to the attention of this court an allegation that, while this appeal has been pending, there has been, in a related case presently in the United States District Court for the District of Maine, a revelation of previously undisclosed documents relevant to [NN]'s claims against the [BIA] under the [FOIA], 5 U.S.C. § 552.

The opening brief of [NN] also presents an argument that, during the pendency of this appeal, defendant's change of position on the finality of its approval of the gas lease that is the subject of this controversy, noted by this court in *Nulankeyutmonen Nkihtaqmikon v. Impson*, 503 F.3d 18, 23 (1st Cir.2007), has altered the analysis of whether certain documents at issue are actually "predecisional" for purposes of the "decisional process privilege" codified at 5 U.S.C. § 552(b)(5).

In light of these developments during the pendency of this appeal, we are persuaded that it is prudent to stay further briefing and invite [NN] to proceed in the district court under Fed.R.Civ.P.

---

1. According to NN's Complaint in a companion action, Nulankeyutmonen Nkihtaqmikon means in English "We Protect the Home-

land." *Nulankeyutmonen Nkihtaqmikon v. Impson*, 462 F.Supp.2d 86, 89 n. 1 (D.Me. 2006) (*NN I*).

60(b) as per the course of action commended to litigants in *Puerto Rico v. SS Zoe Colocotroni,* 601 F.2d 39 (1st Cir. 1979).

[NN] is directed to file its motion in the district court under Fed.R.Civ.P. 60(b) within sixty (60) days of the date of this order.

*Nulankeyutmonen Nkihtaqmikon v. Bureau of Indian Affairs,* No. 07–2290 (1st Cir. June 16, 2008) (order staying appeal).

### B.  NN's Rule 60(b) Motion

In accordance with the directive of the First Circuit, on June 19, 2008, NN filed a motion for relief from judgment, attaching several exhibits. *Pl.-Appellant's Rule 60(b) Mot. for Relief from J.* (Docket # 84) (*NN's Rule 60(b) Mot*). On August 22, 2008, NN followed the motion with a supplemental memorandum. *Pl.-Appellant's Supplemental Mem. of Law in Supp. of its Rule 60(b) Mot. for Relief from J.* (Docket # 89) (*NN's Supplemental Mem.*). In its motion, NN posits three changed circumstances justifying Rule 60(b) relief: (1) the BIA's recent identification of five additional responsive documents whose existence had not previously been disclosed; (2) the First Circuit's holding that the BIA's approval of the lease on June 1, 2005 was its final authorization; and, (3) the enactment on December 31, 2007 of the Openness Promotes Effectiveness in our National Government Act of 2007, Pub. L. No. 110–175, 121 Stat. 2524 (the OPEN Government Act), which amended FOIA to provide that a favorable judgment is not a prerequisite for an award of attorney fees in FOIA actions. *NN's Rule 60(b) Mot* at 1–2.

### C.  The BIA's Response

The BIA responded on September 5, 2008. *Resp. to Pl.'s Rule 60 Mot* (Docket # 90) (*BIA Resp.*). It argues that NN has not satisfied the requirements for Rule 60 relief either in its points about the newly-disclosed BIA documents or its references to the attorney fee provisions of the OPEN Government Act. *Id.* at 8–18.

## II.  DISCUSSION

### A.  Rule 60(b)(5)—Relief From Judgment When Based On A Judgment That Has Been Reversed

Federal Rule of Civil Procedure 60(b) offers a number of bases under which the Court could grant relief in this case. Fed.R.Civ.P. 60(b)(2), (5), (6). Rule 60(b)(5)—the provision that allows a party to be relieved from a judgment when it is based on an earlier judgment that has been reversed—fits this unusual situation. *Ramirez–Zayas v. Puerto Rico,* 225 F.R.D. 396, 398 (D.P.R.2005). It is true that the ground for relief—a judgment based on an earlier judgment that has been reversed or vacated—has "very little application." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2863, at 334 (2d ed. 1995) (Wright, Miller & Kane). Further, for a decision to be based on a prior judgment within the meaning of Rule 60(b)(5), the "prior judgment must be a necessary element of the decision, giving rise, for example, to the cause of action or a successful defense." *Lubben v. Selective Serv. Sys. Local Bd. No. 27,* 453 F.2d 645, 650 (1st Cir.1972).

Before NN brought this FOIA claim, NN initiated a cause of action in this Court, challenging the BIA's approval of a ground lease between the Passamaquoddy Tribe and Quoddy Bay, LLC to construct a liquefied natural gas terminal on the Pleasant Point Reservation. *NN I,* 462 F.Supp.2d at 89. The BIA defended that action in large part by asserting that its approval of the lease was not final, except on the sub-question of whether an appraisal of the leased land should be waived. *Id.* at 93–98. Relying on this representation,

the Court dismissed the action on ripeness and standing grounds. *Id.* at 112.

██ In response to this suit by NN to compel FOIA disclosures, the BIA posited the "deliberative process privilege" with respect to sixteen withheld or redacted records. *NN II,* 493 F.Supp.2d at 102–07. To qualify for the deliberative process privilege, a document must be, among other things, " 'predecisional, that is, antecedent to the adoption of agency policy.' " *Id.* at 103 (quoting *Texaco P.R., Inc. v. Dep't of Consumer Affairs,* 60 F.3d 867, 884 (1st Cir.1995)); *Judicial Watch, Inc. v. FDA,* 449 F.3d 141, 151 (D.C.Cir.2006); *Nat'l Wildlife Fed'n v. U.S. Forest Serv.,* 861 F.2d 1114, 1117 (9th Cir.1988). NN identified June 1, 2005 as the critical decision date for purposes of the deliberative process privilege: documents that predate June 1, 2005 would be arguably within the scope of the privilege, but documents that postdate June 1, 2005 would be outside the scope of the privilege. *NN II,* 493 F.Supp.2d at 103. Taking the same position it had taken in the companion action, the BIA responded that June 1, 2005 was the decision date for only one decision— namely, the decision to waive appraisal of the leased land. As regards all other issues, including the approval of the ground lease, the BIA asserted that the documents related to a decisional process required for Federal Energy Regulatory Commission (FERC) approval, and that the post-June 1, 2005 documents were still covered by the privilege because the June 1, 2005 approval was contingent only. *Id.* at 103. In granting summary judgment to the BIA on NN's FOIA claim, consistent with its conclusion in the companion action,

the Court accepted the BIA's representation that its June 1, 2005 approval was contingent as to all but one issue, and concluded that Vaughn index numbers 3, 4, 5, 7, 9, 10, 11, and 12, each of which post-dates June 1, 2005, were shielded from disclosure by the deliberative process privilege.[2] *Id.* at 105.

In a stunning volte-face, while the companion action was pending before the First Circuit, the BIA took precisely the contrary position regarding the finality of its approval of the ground lease. *Nulankey-utmonen Nkihtaqmikon v. Impson,* 503 F.3d 18, 23 (1st Cir.2007) (*NN III*). The BIA conceded that its lease approval was final.[3] *Id.* at 26. This turnabout caused the First Circuit to reverse the Court's decision in *NN I* and to remand the matter. *Id.* at 23 (stating that reversal of the Court's ripeness and standing conclusions was "based in large part on the BIA's change of position on appeal regarding the finality of its lease approval").

The BIA's concession in the companion case and the First Circuit's imprimatur on that concession place the Court's earlier summary judgment in the FOIA action in considerable doubt. Thus, the requirements of Rule 60(b)(5)—that the Court's judgment "is based on an earlier judgment that has been reversed or vacated"—have been met. The prior judgment was this Court's November 16, 2006 determination in the companion action that the BIA's June 1, 2005 approval of the ground lease was in large part contingent. *NN I,* 462 F.Supp.2d at 97–98, 112. The First Circuit's September 14, 2007 decision reversing this Court's dismissal of the companion

---

**2.** Vaughn index numbers 2 and 16 predate the June 1, 2005 decision and, therefore, remain subject to the deliberative process privilege. *NN II* at 104.

**3.** The Court elsewhere described its considerable chagrin at the BIA's inconsistent han-

dling of this case, which has caused a profound waste of time, effort, and expense for all concerned. *Nulankeyutmonen Nkihtaqmikon v. Impson,* 573 F.Supp.2d 311, 314 (D.Me.2008) (*NN IV*) (characterizing the BIA's defense of this action as "inept").

action, based for the most part on the BIA's change in position regarding the lease, constitutes a reversal of the Court's earlier judgment. Finally, the Court's earlier judgment in the companion case was "a necessary element" of the Court's summary judgment decision in this case. *Lubben,* 453 F.2d at 650. Positing the Court's previous determination that the lease approval was contingent, the BIA successfully prevented disclosure of post-June 1, 2005 documents by invoking the deliberative process privilege, leading to summary judgment in its favor. In short, Rule 60(b)(5) was crafted with precisely this type of unusual series of legal events in mind.

### B. Rule 60(b)(2)—Newly Discovered Evidence

■ NN also moves for relief from judgment because it claims that when the BIA filed its Administrative Record in the companion case, it identified five additional documents that had never before been identified in the FOIA litigation. *NN's Rule 60(b) Mot.* at 4–5. NN lists the documents: (1) Privilege Log Doc. No. 7—June 1, 2005 memorandum to file from Randall Trickey; (2) Admin. Record Doc. 2—May 19, 2005 letter from attorney Barry Margolin to the Passamaquoddy Tribe; (3) Admin. Record Doc. 6—May 25, 2005 letter from attorney Robert Williams to the Passamaquoddy Tribe; (4) Admin. Record Doc. 10—May 31, 2005 letter from William Mogel to the Passamaquoddy Tribe; and, (5) Admin. Record Doc. 13—June 6, 2005 letter from U.S. Fish and Wildlife to BIA. *Id.* at 5. NN says that "[b]y including these documents in the Administrative Record, BIA has acknowledged that it considered all of these documents in its approval of the ground lease. All five documents thus fall squarely within the scope of NN's FOIA requests." *Id.*

By supplemental memorandum, NN further avers that just after it filed the mo-

tion for relief from judgment, the BIA released "sixteen more documents (comprising seventy-two pages) responsive to NN's FOIA requests dating back to June 2005." *NN's Supplemental Mem.* at 2. NN notes that because all but one of the documents are dated between May and August 2005, they "have been sitting in BIA's files for over three years." *Id.* at 3. NN argues that the revelation of the five documents discussed in its original motion and the sixteen additional documents discussed in its supplemental motion meets the criteria for newly discovered evidence under Rule 60(b)(2). Those criteria are:

(1) The evidence has been discovered since the trial;

(2) The evidence could not by due diligence have been discovered earlier by the movant;

(3) The evidence is not merely cumulative or impeaching; and

(4) The evidence is of such nature that it would probably change the result if a new trial is granted.

*Mitchell v. United States,* 141 F.3d 8, 18 (1st Cir.1998); *Moron–Barradas v. Dep't of Educ.,* 488 F.3d 472, 482 (1st Cir.2007); *Gonzalez–Pina v. Rodriguez,* 407 F.3d 425, 433 (1st Cir.2005).

In response, the BIA concedes: (1) that the documents at issue are newly-discovered; (2) that NN could not have identified the documents previously; (3) that each document should have been identified in response to NN's FOIA requests; and, (4) with the exception of the Randall Trickey memorandum, each document should have been produced in response to one or more of NN's FOIA requests. *BIA Resp.* at 8–9. The BIA nevertheless urges the Court not to grant relief from judgment, arguing that the BIA's search for documents responsive to NN's FOIA request met legal standards and that the outcome in the

companion action would likely have been no different. *Id.* at 9–11.

The Court agrees with NN. The parties concur that with the exception of the last criterion—probable change in result—NN has met the requirements of Rule 60(b)(2). In its summary judgment decision, despite the "troubling history of dribbling disclosure," the Court credited the BIA's complicated explanations for the inadequacy of its multiple record searches. *NN II,* 493 F.Supp.2d at 110–14. But, NN alleges now that on June 25, 2008, three years after the initial FOIA requests, two and one-half years after NN filed its FOIA lawsuit, two years after the Court granted summary judgment to the BIA based on what has turned out to be an incomplete Vaughn index, one year after the Court of Appeals for the First Circuit reversed the Court's dismissal of the companion case, after the Court of Appeals stayed the FOIA appeal, and after NN had filed a motion for relief from judgment, the BIA disgorged sixteen new documents comprising seventy-two pages, fifteen of which were responsive to NN's June 2005 FOIA requests. *NN's Supplemental Mem.* at 2.

While the BIA was insisting that it had performed an adequate search for responsive documents and that its earlier failures to be complete were inadvertent, the BIA all the while had seventy-two pages of responsive documents that the BIA had as yet failed to locate.[4] If known, this information would necessarily have had a significant impact on the adequacy of the BIA's document search and whether the BIA's lack of complete disclosure represents a pattern and practice of delayed and partial disclosure. The Court concludes that NN has demonstrated that it is entitled to relief under Rule 60(b)(2).

## C. Rule 60(b)(6)—the OPEN Government Act

NN's final point is that it is entitled to attorney fees under the OPEN Government Act, which was enacted on December 31, 2007, even if it did not obtain a judicial imprimatur that required the disclosure of the FOIA documents. According to authority existing on June 22, 2007—the date of this Court's summary judgment decision—merely acting as a catalyst for a defendant's voluntary change in conduct, absent judicial imprimatur, was insufficient to support an award of attorney fees. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 622, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001); *Rossello–Gonzalez v. Acevedo–Vila,* 483 F.3d 1, 5 (1st Cir.2007). Critics assailed *Buckhannon,* and in 2007, Congress amended FOIA to provide:

(i) The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

(ii) For purposes of this subparagraph, a complainant has substantially prevailed if the complainant has obtained relief through either—

(I) a judicial order, or an enforceable written agreement or consent decree; or

(II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial.

5 U.S.C. § 552(a)(4)(E); *see Judicial Watch, Inc. v. Bureau of Land Mgmt.,* 562 F.Supp.2d 159, 165–66 (D.D.C.2008) (describing the legislative history of the OPEN Government Act). Two district court judges have concluded that the

---

**4.** During oral argument on May 24, 2007, the attorney for the BIA stated: "[T]here's no reason to suppose that the search was not adequate under the law or that there's [sic] further documents floating around out there that we have not produced." *Tr. of Proceedings* 40:23–25 (Docket # 80).

OPEN Government Act applies to litigation pending as of its effective date. *Id.* at 167–70; *Wildlands CPR v. U.S. Forest Serv.,* 558 F.Supp.2d 1096, 1097–1100 (D.Mont.2008). Another has concluded it does not. *N.Y.C. Apparel F.Z.E. v. U.S. Customs & Border Prot. Bureau,* 563 F.Supp.2d 217, 220 (D.D.C.2008).

In the procedural context of this case, however, the question becomes whether new legislation relating not to the merits but to attorney fees, enacted while the case is on appeal, justifies the granting of a Rule 60(b)(6) motion. In the self-confidence of advocacy, the parties view the correct answer as patently clear, but diametric. *BIA Resp.* at 12 ("Rule 60(b) does not authorize such a request, and this Court should not be the first to set aside a Judgment based on new law."); *Pl.'s Reply in Supp. of its Rule 60(b) Mot. for Relief from J.* at 6 (Docket # 91) (*NN's Reply*) ("BIA's arguments ... miss the mark.... [A] change in the law is a 'valid ground' for relief under Rule 60(b)(6)." (quoting *McGrath v. Potash,* 199 F.2d 166, 167 (D.C.Cir.1952))).

The BIA makes the point that new legislation is not newly discovered evidence for purposes of Rule 60(b)(2). *Zerman v. Jacobs,* 751 F.2d 82, 84 (2d Cir.1984). NN does not claim it is. *NN's Reply* at 6 (stating that "NN is *not* arguing that the [OPEN Government Act] constitutes 'newly discovered evidence' under Rule 60(b)(2)"). Instead, NN is claiming that the new law amounts to an "exceptional circumstance" that justifies relief under Rule 60(b)(6). *Id.* Whether a change in statutory law constitutes an "exceptional circumstance" under Rule 60(b)(6) is a

rather obscure and decidedly complicated question.

The Court need not enter this legal thicket. "[C]lause (6) and the first five clauses are mutually exclusive and ... relief cannot be had under clause (6) if it would have been available under the earlier clauses.... [T]he provisions are mutually exclusive." Wright, Miller & Kane § 2864, at 362. As the First Circuit has said, Rule 60(b)(6) "is designed as a catch-all, and a motion thereunder is only appropriate when none of the first five subsections pertain." *Cotto v. United States,* 993 F.2d 274, 278 (1st Cir.1993); *Claremont Flock Corp. v. Alm,* 281 F.3d 297, 299 (1st Cir.2002). Because the Court grants NN's motion on two, separately sustaining bases under Rules 60(b)(2) and 60(b)(5), it does not reach whether the catchall provision of Rule 60(b)(6) would otherwise apply.

## III.  CONCLUSION

The Court GRANTS Nulankeyutmonen Nkihtaqmikon's Rule 60(b) Motion for Relief from Judgment (Docket # 84) under Rules 60(b)(2) and 60(b)(5).[5]

SO ORDERED.

---

5. The parties have not addressed what would follow if the Court granted NN's motion. The matter remains on appeal in the Court of Appeals for the First Circuit. Assuming the First Circuit remands the case now that the judgment is no longer final, the Court will schedule a telephone conference of counsel to discuss what should happen next.