In re Richard G. PAOLINO and Elaine M. Paolino.

Civ. A. No. 85–6473.

United States District Court, E.D. Pennsylvania.

April 9, 1986.

See also, Bkrtcy., 61 B.R. 607.

Mark B. Frost, Philadelphia, Pa., for debtor.

Myron A. Bloom, Philadelphia, Pa., for Union National Bank & Trust Company.

Kenneth Carobus, Philadelphia, Pa., for petitioning creditor.

## MEMORANDUM AND ORDER

FULLAM, District Judge.

The debtors in this Chapter 11 reorganization have appealed from an Order of the Bankruptcy Court appointing a trustee. 53 B.R. 399. The parties are not in agreement as to whether this Order should be deemed final or interlocutory within the meaning of 28 U.S.C. § 158(a). If final, the appeal is properly before this court. If interlocutory, appellants should have sought leave to appeal.

The decision of our Court of Appeals in *In re Amatex Corp.,* 755 F.2d 1034 (3d Cir.1985) strongly suggests that such orders should be treated as final for purposes of appeal (original-jurisdiction order of a district court in a bankruptcy case, declining to appoint a guardian *ad litem* for future claimants, is appealable under 28 U.S.C. § 1291). But see *In re Delta Services Industries, etc.,* 782 F.2d 1267 (5th Cir.1986); *In re Cash Currency Exchange, Inc.,* 762 F.2d 542 (7th Cir), *cert. denied,* —— U.S. ——, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985). At any rate, in view of the significance of an order appointing a trustee, I am persuaded that immediate review of

such orders is preferable. Accordingly, the appeal will be deemed to have included an application for leave to appeal, and such leave is now granted.

The Code contemplates that, ordinarily, businesses undergoing reorganization under Chapter 11 will be operated by the debtor in possession; the appointment of a trustee in such situations is the exception rather than the rule. 11 U.S.C. § 1104(a) provides:

"At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest, and after notice and a hearing, the court shall order the appointment of a trustee—

"(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, . . .; or

"(2) if such appointment is in the interests of creditors, any equity securityholder, and other interests of the estate. . . ."

■ The debtors are a medical doctor and his wife. He operates a very lucrative medical practice, and the couple have extensive real estate investments which are also income-producing. Their troubles began when they undertook to acquire a large building formerly occupied as a high school for the purpose of developing a nursing-home facility, and borrowed in excess of $1,750,000 to finance the project. The present Chapter 11 proceeding was initiated by creditors who filed an involuntary petition against the debtors, and was preceded by a lengthy and apparently inconclusive state court receivership.

The bankruptcy judge predicated his Order appointing a trustee upon his findings of "cause" under 11 U.S.C. § 1104(a)(1). Specifically, he found that the debtors failed to file timely and adequate financial reports during the receivership, and that they have again failed to file adequate financial reports during the Chapter 11 proceeding. The bankruptcy judge further found that the debtors engaged in a check-kiting scheme. It is also possible to view the bankruptcy judge's Opinion as including a finding, at least by implication, that the debtors had demonstrated an inability to provide competent management of their financial affairs.

The debtors admit that they have not always filed adequate financial reports, but assert that they were not properly advised as to their responsibilities in that regard, and that there was a lack of communication between them and the state-court receiver. The alleged check-kiting scheme, they assert, has not been proven: a few checks did bounce, a long time ago, but that was because of their financial difficulties, and does not establish a fraudulent intent on their part.

The factual determinations made by the bankruptcy judge must be accepted by this court, unless I am convinced that they are clearly erroneous. Bankruptcy Rule 8013. *See In re Morrissey,* 717 F.2d 100, 104–05 (3d Cir.1983). While I freely concede that reasonable minds might differ as to the extent and seriousness of debtors' derelictions, by no stretch of the imagination can the bankruptcy judge's findings be deemed clearly erroneous. The Order appealed from will therefore be affirmed.