DONALD RUSSELL, Circuit Judge:
This is an appeal by the Daikon Shield Claimants’ Committee from the district court’s order denying the Committee’s motion pursuant to 11 U.S.C. § 1104 (1987) for the appointment of a United States trustee for A.H. Robins Company. The issue before us is whether the court was obligated to appoint a trustee to manage Robins after the court found Robins in civil contempt of its Order barring Robins from selectively paying off pre-petition debts without pri- or court approval.
On August 23, 1985 the district court entered a Consent Order providing in part that Robins could not pay pre-petition debts without prior court approval. Subsequently, and without court approval or knowledge, Robins made payments on pre-petition claims including: (a) payments under a benefit plan to present and past executives of Robins, (b) payments through its subsidiaries on certain pre-petition debts, (c) payments under executory contracts which had not been assumed and (d) payments to settle a pre-petition lawsuit brought by an employee of Robins. Moreover, Robins used certain of its subsidiaries to make prohibited charitable contributions and to make certain investments.
The Committee moved for the appointment of a trustee pursuant to Section § 1104(a) to protect creditors from further abuses by Robins. Following the hearing on the appellants’ motion, the district court ruled that Robins was in civil contempt and that sanctions would be imposed at a later date. The court found that the debtor had not only “knowingly, unknowingly, or because of failure to comprehend the Court’s order violated a court order, but also [had] taken certain actions prohibited by both the spirit and the letter of the bankruptcy laws.” The court, however, declined to appoint a trustee to run Robins’ business as requested by the Committee, deciding instead to appoint an examiner pursuant to Section 1104(b). Section 1104(a) provides as follows:
Appointment of trustee or examiner
(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—
(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.
The court stated that although a finding of civil contempt was warranted because of Robins’ abuses, civil contempt was not to be equated with cause for appointment of a trustee under Section 1104(a)(1). The court noted that a trustee is needed where fraud or mismanagement arise but stated that it did not find such problems in this case. Moreover, the court said:
As stated in In Re General Oil Distributors, Inc., 42 B.R. 402 (Bankr.1984), although the word “shall” in Section 1104(a) circumscribes the Court’s discretion, the concepts of incompetence, dishonesty, gross mismanagement and even fraud all cover a wide spectrum of conduct. While under 1104(a)(1) the Court is not directly called upon to weigh the cost and benefits of appointing a trustee, it nevertheless cannot ignore competing benefit and harm that such appointment may place upon the estate. Coupled with those concerns is the overriding philosophy of Chapter 11, which is to give the *241 debtor a second chance. Consistent with such a philosophy is this court’s finding that current management should be permitted to identify and correct its past mistakes.
The court stated that it found the present management capable and amenable to a fair and expeditious plan to compensate claimants. The court further stated that the appointment of a trustee was neither “necessary [n]or desirable” and might “impede” present reorganization efforts. The court cautioned however, that “should the Court ever reach a contra conclusion, and should the debtor give the Court cause, the Court will not hesitate to appoint a trustee.” On appeal, the Committee contends that the district court erred in not appointing a trustee.
An initial question is whether the district court’s order denying the Committee’s request for the appointment of a trustee is appealable at this stage of the bankruptcy proceeding. For purposes of this appeal, we will deem the order immediately reviewable as a final decision under 28 U.S.C. § 1291. While the court’s order is perhaps not “final” in the technical sense, considerations unique to bankruptcy appeals require that courts consider “finality in a more pragmatic and less technical way in bankruptcy cases than in other situations.” In re Amatex Corp., 755 F.2d 1034, 1039 (3d Cir.1985). Such considerations include the protracted nature of bankruptcy proceedings and the large number of parties interested in the proceedings. “To avoid the waste of time and resources that might result from reviewing discrete portions of the action only after a plan of reorganization is approved, courts have permitted appellate review of orders that in other contexts might be considered interlocutory.” Id.; see also In re Paolino, 60 B.R. 828 (Bankr.E.D.Pa.1986) (district court, using the analysis in Amatex, treated as a final order for purposes of appeal pursuant to 28 U.S.C. § 158, the bankruptcy court’s order appointing a trustee). Accordingly, we will address the appeal on the merits.
The Committee first argues that the district court found cause within the meaning of Section 1104(a)(1) and, therefore, was required to appoint a trustee. To support its assertion that the court found cause but then improperly declined to appoint a trustee, the Committee points to this statement by the district judge: “I do not conclude that once having found cause ... this Court is required to appoint a trustee in accord with Section 1104(a)(1).” Robins, on the other hand, contends that the court did not find cause and points to the following language in the court’s opinion:
Frankly, a Trustee is not, on the present record, in the Court’s view necessary or desirable. Indeed, such appointment may or may not impede the present efforts. In my view, appointment of a trustee would not be to the benefit of anyone. However, should the Court ever reach a contra conclusion, and should the debtor give the Court cause, the Court will not hesitate to appoint a Trustee.
We find that a careful reading of the court’s, opinion reveals that the court did not find cause to appoint a trustee within the meaning of Section 1104(a)(1). The court noted specifically that it had not found fraud or mismanagement. Further, it stated that the concepts of incompetence and dishonesty cover a wide spectrum of conduct and that the court has broad discretion in applying such concepts to show cause. The court examined the entire situation, including the consequences of appointing a trustee, and determined that the debtor had not given the court cause to appoint a trustee. The Committee misconstrues the court’s statement regarding its discretion, given in a finding of cause, to appoint a trustee. We believe that the court’s statement can only be construed to be a general assertion by the court of its discretionary authority in the event, not present here, that it were to find cause.
The Committee, however, also argues that the facts of this case compel a finding of cause. It asserts that Robins’ lack of candor and preferential treatment of certain pre-petition creditors were dishonest and otherwise constituted cause. Like the *242 district court, we recognize that Robins’ conduct was improper and warranted a civil contempt sanction. But a policy of flexibility pervades the bankruptcy code with the ultimate aim of protecting creditors. A determination of cause, therefore, is within the discretion of the court and due consideration must be given to the various interests involved in the bankruptcy proceeding. “[T]he concepts of incompetence, dishonesty, gross mismanagement and even fraud all cover a wide range of conduct..... Implicit in a finding of incompetence, dishonesty, etc., for purposes of section 1104(a)(1), is whether the conduct shown rises to a level sufficient to warrant the appointment of a trustee.” General Oil, 42 B.R. at 409. Obviously, to require the appointment of a trustee, regardless of the consequences, in the event of an act of dishonesty by the debtor, however slight or immaterial, could frustrate the purpose of the Bankruptcy Act; Section 1104(a)(1), therefore, must be construed, if possible, to make it harmonious with the Act in its entirety. Such a construction requires that the courts be given discretionary authority to determine whether conduct rises to the level of “cause.”
Given the court’s discretion and the careful consideration that it gave to the interests involved, we find that the court did not err in declining to find cause. The court’s decision not to appoint a trustee was also within its discretionary authority and it is clear that the court did not abuse this authority. Since we hold that the court did not abuse its discretion in determining that cause did not exist, we need not reach the question concerning the statutory consequences of a finding of cause.
Accordingly, the decision of the district court is hereby

AFFIRMED.