In re Stephen G. STROWSKI, and Margaret H. Strowski, dba, Strowski Engineering, Debtors.

Stephen G. STROWSKI, and Margaret H. Strowski, d/b/a Strowski Engineering, Appellants,

v.

Davis H. VON WITTENBURG, U.S. Trustee, and Dennis E. McGoldrick, Ch. 11 Trustee, Appellees.

BAP No. CC–88–1148 MoJP.

Bankruptcy No. LA 85–09001 JNB.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Nov. 16, 1988.

Decided March 9, 1989.

Steven G. Strowski, Downey, Cal., for appellants.

No appearance for appellees.

## OPINION

Before MOOREMAN, JONES and PERRIS, Bankruptcy Judges.

MOOREMAN, Bankruptcy Judge:

By this appeal, the debtor seeks to set aside the bankruptcy court's order directing the United States Trustee to appoint a Chapter 11 Trustee.

## FACTS

The relevant facts of the instant case are as follows. On June 28, 1985, Mr. Strowski filed a Chapter 11 petition on behalf of himself and other debtors.[1] In December 1986, Mr. Strowski filed an Amended Disclosure Statement and Plan of Reorganization. Judge Barr approved the Disclosure Statement and set a hearing on confirmation of the Plan. The debtor states in his brief that under the plan, all creditors would receive payment of 100% of their claims. The debtor also states only 2 out of 28 creditors voted to reject the plan. Additionally, the debtor states that Judge Eisen orally confirmed the Plan.

The debtor states that the written Confirmation Order was presented to the U.S. Trustee's office where it was "signed without objection." The debtor also states that at the "hearing for the Judge's signature" in February 1988, Judge Eisen stated that

"certain things were not clear" and accordingly ordered the appointment of a Chapter 11 Trustee.

## DISCUSSION

### Appealability

Although there may be an issue as to whether an order appointing a Chapter 11 trustee is an interlocutory order, it is generally recognized that "the appointment of a trustee could impose a substantial financial burden on the debtor's estate and thereby preclude an effective reorganization due to increased administration expenses." 5 Collier on Bankruptcy 1104.1, at 1104–20 (15th ed. 1987) (citations omitted).

Accordingly, the order in the instant case, appears to be within the recognized notion that an order is appealable if it " 'may determine and seriously affect substantive rights' and 'cause irreparable harm to the losing party if it had to wait to the end of the bankruptcy case' ".... *In re 405 N. Bedford Dr. Corp.*, 778 F.2d 1374, 1377 (9th Cir.1985) (citations omitted). *See also In re Hotel Hollywood*, 95 B.R. 130 (9th Cir.BAP 1988) (allowing appeal of order denying appointment of trustee).

### Merits

With regard to the merits of this appeal, the debtor argues that since the checking accounts had to be surrendered to the trustee, it is virtually impossible to conduct business.[2] The debtor also indicates that the trustee told Mr. Strowski that "he (the trustee) will dismiss certain lawsuits pending before the Court."[3]

The debtor next argues that the specific requirements of 11 U.S.C. § 1104(a), dealing with the appointment of a Chapter 11 Trustee, were not satisfied. Section 1104(a) provides as follows:

---

1. Mr. Strowski has acted in persona propria during the underlying bankruptcy case as well as on this appeal. The named appellees have not filed a responsive brief and have not appeared before this Panel.

2. The debtor operates an engineering and manufacturing facility for automotive transfercases. Mr. Strowski states that he must "drive to Laguna Beach, apply for a check, bring it over to [the trustee] in Gardena, and [the trustee] will sign it, provided he is available." The debtor argues

that "this is an absurd situation, and no business can be conducted under such conditions."

3. It is unclear exactly what lawsuits the debtor is referring to, however, there is some indication that the debtor had filed various complaints in the bankruptcy court. The proposed Order Confirming the Plan also makes reference to "claims which are presently litigated, or will be contested."

(a) At any time after the commencement of the case but before confirmation of a plan, *on request of a party in interest or the United States trustee,* and *after notice and a hearing,* the court shall order the appointment of a trustee—

(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

(2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

11 U.S.C. § 1104(a) (emphasis added).

The debtor argues that the bankruptcy court is without authority to *sua sponte* appoint a Chapter 11 Trustee. While a strict reading of the statute would appear to support the debtor's argument, there is no evidence in the record before this Panel to support the appellant's contention that the trial court acted *sua sponte* in appointing the trustee. It is well recognized that it is the appellant's responsibility to file an adequate record on appeal. *E.g. In re Burkhart,* 84 B.R. 658 (9th Cir.BAP 1988).

In the instant case, the only items included in the Excerpts of Record are the order appointing the Chapter 11 Trustee and an unsigned form of order confirming the debtor's plan. Without the transcript from the proceedings below, it is virtually impossible for this Panel to determine if the bankruptcy court acted *sua sponte* and whether there was justification for the appointment of a trustee.[4]

Accordingly, the bankruptcy court's order is AFFIRMED.

---

**4.** The bankruptcy court's appointment of the trustee may have been based on the fact that as

a pro per debtor the bankruptcy court merely sought to insure the implementation of the plan.