**In re CHATEAUGAY CORPORATION, Reomar, Inc., The LTV Corporation, et al., Debtors.**

**BANCTEXAS DALLAS, N.A., Elliott Associates and Speer, Leeds & Kellogg, Plaintiffs–Appellants,**

v.

**CHATEAUGAY CORPORATION, Reomar, Inc., The LTV Corporation, and RepSteel Overseas Finance, N.V., Defendants–Appellees.**

No. 1208, Docket 89–5008.

United States Court of Appeals, Second Circuit.

Argued April 11, 1989.

Decided May 18, 1989.

Marc Abrams, New York City (Steven E. Fox, Levin & Weintraub & Crames, Karen Wagner, Davis, Polk & Wardwell, New York City, of counsel), for defendants-appellees.

Robin E. Phelan, Dallas, Tex. (Kathryn C. Mallory, Haynes and Boone, Dallas, Tex., of counsel), for plaintiff-appellant BancTexas Dallas, N.A.

Laurence J. Kaiser, Kronish Lieb Weiner & Hellman, New York City, for plaintiffs-appellants Elliott Associates and Speer, Leeds & Kellogg.

Before NEWMAN, CARDAMONE and WINTER, Circuit Judges.

PER CURIAM:

This motion to dismiss for lack of jurisdiction concerns an appeal from Judge Stewart's decision dismissing an appeal from the bankruptcy court on the ground that the bankruptcy court order was interlocutory. We have already denied the motion from the bench. We write now to make it clear that we have jurisdiction to review Judge Stewart's decision that the bankruptcy court's order was interlocutory.

This matter arises out of the bankruptcy of LTV Corporation and approximately sixty-six subsidiaries and affiliates, including Chateaugay Corporation, Reomar, Inc., and RepSteel Overseas Finance, N.V. ("RepSteel"), (collectively, the "LTV debtors"). The LTV debtors filed for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (1982 and Supp. IV 1986) ("Chapter 11"), on July 17, 1986, and are currently in Chapter 11 reorganization proceedings. Until the time that the debtors filed for relief, RepSteel served as a financing agent, borrowing funds to provide financing for its LTV affiliates. RepSteel's principal obligation is some $65 million in 11½ percent convertible secured notes (the "securities"). The indenture trustee for the securities is BancTexas Dallas, N.A. ("BancTexas"). Elliott Associates ("Elliott") and Speer, Leeds & Kellogg ("SL & K") are holders of some of the securities. As collateral for the securities, LTV pledged to BancTexas an intercompany promissory note evidencing a debt from LTV to RepSteel of some $118 million (the "LTV Note").

Upon the bankruptcy filing of the LTV debtors, BancTexas was stayed from foreclosing on the LTV Note by the automatic stay provision of 11 U.S.C. § 362 (1982 and Supp. IV 1986). On June 29, 1988, BancTexas moved the bankruptcy court, pursuant to 11 U.S.C. § 362(d), to lift the automatic stay, so that it could foreclose on the LTV Note. Chief Judge Lifland denied the motion, but ordered LTV to set aside $20 million in escrow to satisfy BancTexas's claim and provided for a reexamination of that claim after one year. BancTexas, joined by Elliott and SL & K, appealed

from that decision. Judge Stewart held that the order of the bankruptcy court was interlocutory and, exercising the discretion granted him by 28 U.S.C. § 158(a) (Supp. IV 1986), declined to review it. BancTexas, Elliott and SL & K then appealed from Judge Stewart's decision, and defendants-appellees made the instant motion to dismiss the appeal, arguing that Judge Stewart's decision is not final within the meaning of 28 U.S.C. § 158(d) (Supp. IV 1986). We disagree.

In *In re Stable Mews Associates*, 778 F.2d 121 (2d Cir.1985), we ruled that our appellate jurisdiction under section 158(d) was confined to review of final decisions of the bankruptcy court. *Id.* at 122. Thus, if an order of a bankruptcy court is interlocutory, as was the case in *Stable Mews*, we have no jurisdiction to review its merits nor to review a district court's decision to deny leave for an interlocutory appeal. However, we must review the threshold question of *whether* a bankruptcy court order is interlocutory; otherwise, we would not be able to determine the issue on which our own jurisdiction depends. We can, therefore, entertain this appeal for the limited purpose of reviewing Judge Stewart's decision that the bankruptcy court's decision was interlocutory. Indeed, we have routinely decided jurisdictional challenges like the one before us in the course of hearing regularly scheduled appeals. *See e.g., In re Chateaugay Corp.*, 838 F.2d 59 (2d Cir.1988). Unless the interlocutory nature of a bankruptcy court order is plainly apparent, we think it preferable to have the limited issue in appeals such as this decided by a panel upon briefs and argument in the normal course.

Accordingly, the motion to dismiss the appeal is denied, without prejudice to renewal before the panel hearing the appeal.