In re KEENE CORPORATION, Debtor.

KEENE CORPORATION, Plaintiff,

v.

Jessie D. COLEMAN, et al., Defendants.

Bankruptcy No. 93 B 46090 (SMB).
Adv. No. 94–8015A.

United States Bankruptcy Court,
S.D. New York.

April 15, 1994.

Berlack Israels & Lieberman (Carole L. Fern, Edward S. Weisfelner, of counsel), New York City, for debtor.

Marcus Montgomery Wolfson & Burten, P.C. (John J. Preefer, Carole Neville, of counsel), New York City, for the Official Committee of Unsecured Creditors.

Arthur J. Gonzalez, U. S. Trustee (Brian S. Masumoto, of counsel), New York City.

## MEMORANDUM DECISION REGARDING COURT'S SUBJECT MATTER JURISDICTION

STUART M. BERNSTEIN, Bankruptcy Judge.

In its decision dated March 3, 1994, the Court granted the Debtor's motion to appoint an examiner in this Chapter 11 case. *Keene Corp. v. Coleman (In re Keene Corp.)*, 164 B.R. 844 (Bankr.S.D.N.Y.1994). On March 11, 1994, the Court entered its order (the "Examiner Order") directing the United States Trustee to appoint an examiner. Four days later, the United States Trustee filed his application (the "Appointment Application") pursuant to Rule 2007.1(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule"), seeking an order (the "Appointment Order") approving his appointment of Thomas Moers Mayer, Jr., Esq., as examiner.

On March 21, 1994, the Official Committee of Unsecured Creditors (the "Committee") filed a notice of appeal from the Examiner Order. At a conference held two days later, the Court raised the issue of whether the Committee's appeal stripped it of jurisdiction to consider the appointment of Mr. Mayer. The Court invited the Debtor and the Committee to submit legal memoranda on this issue.

The Court has now had the opportunity to review the memoranda, and to consider the parties' arguments. For the reasons set forth below, the Court holds that an appeal from an order directing the appointment of an examiner is interlocutory, and does not deprive the Bankruptcy Court of jurisdiction to enter an order approving the United

States Trustee's selection of the actual person to serve as examiner.

## A. Introduction

█ As a rule, a notice of appeal is an event of jurisdictional significance. It divests the lower court of jurisdiction over those aspects of the case that are involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982); *see generally* 9 J. Moore. B. Ward and J. Lucas, *Moore's Federal Practice* ¶ 203.11, at 3–45–46 (2d ed. 1993) ("Moore's"). The rule is not statutory; it is a judge-made rule "designed to avoid the confusion and waste that might flow from putting the same issues before two courts at the same time." *Id.* at 3–48.

█ In federal practice, and with certain exceptions, appeals lie only from final decisions. *See* 28 U.S.C. §§ 158(d), 1291; 9 Moore's ¶ 110.06 at 36–37 ("The final judgment rule is the dominant rule in federal appellate practice."). A "final decision" generally "ends the litigation on the merits and leaves nothing for the Court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). If the order under appeal is final, and completely disposes of the entire matter before the court, the rule that divests the lower court of jurisdiction applies without difficulty. There is nothing else for the lower court to do, and jurisdiction over the entire case passes to the Court of Appeals. With nothing further to do, the lower court cannot interfere with or affect the order which is the subject of review.

█ The application of the rule to interlocutory appeals is less straightforward. As an exception to the final judgment rule, interlocutory appeals exist as of right in certain circumstances, *see* 28 U.S.C. § 1292, and by leave of the Court in others. *See* 28 U.S.C. § 158(a). Like final orders, jurisdiction over the matters that are the subject of the appeal still pass to the appellate court. By definition, however, the interlocutory or-der does not completely dispose of the entire matter. Other matters remain pending in the lower court, and the lower court must be free to determine those issues. In this circumstance, the interlocutory appeal does not prevent the lower court from proceeding with matters not involved in the appeal. 9 Moore's ¶ 203.11, at 3–54; *see Thomas v. Board of Education*, 607 F.2d 1043, 1047 n. 7 (2d Cir.1979) *cert. denied sub nom., Granville Central School District v. Thomas*, 444 U.S. 1081, 100 S.Ct. 1034, 62 L.Ed.2d 765 (1980) (appeal from an interlocutory order granting or denying a preliminary injunction does not deprive lower court of jurisdiction to adjudicate the merits).

█ The jurisdictional bifurcation caused by interlocutory appeals does not, however, extend to unauthorized appeals, i.e., appeals from non-appealable interlocutory orders. If an aggrieved litigant could stop or hinder lower court proceedings simply by filing an unauthorized notice of appeal, he could interrupt the progress of the proceeding at will. *In re American Colonial Broadcasting Corp.*, 758 F.2d 794, 800 n. 6 (1st Cir.1985); 9 Moore's ¶ 203.11 at 3–52. Therefore, a notice of appeal from a non-appealable order does not deprive the lower court of any jurisdiction; the lower court can ignore the appeal and proceed with the case. *Leonhard v. United States*, 633 F.2d 599, 610 (2d Cir. 1980), *cert. denied*, 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981); *Zerman v. E.F. Hutton & Co.*, 656 F.Supp. 1225, 1227 n. 13 (S.D.N.Y.1987); *Weissman v. Darneille*, 79 F.R.D. 389, 391 (S.D.N.Y.1978); 9 Moore's ¶ 203.11, at 3–52.

As the foregoing discussion suggests, the character of the appeal dictates its jurisdictional effect.[1] Final appeals divest jurisdiction, authorized interlocutory appeals limit jurisdiction, and unauthorized interlocutory appeals leave jurisdiction unaffected. And as discussed below, bankruptcy further muddles the often murky concept of finality.

---

1. While it is normally the duty of the appellate court to determine the finality of the order which it is reviewing, a lower court may properly make that determination when necessary to decide its own subject matter jurisdiction. *See Zerman v. E.F. Hutton & Co.*, 656 F.Supp. 1225, 1227 (S.D.N.Y.1987).

## B. Bankruptcy Appeals

■ The final judgment rule applies in bankruptcy; the only exception is where the District Court grants leave to appeal from interlocutory orders. *See* 28 U.S.C. § 158(a).[2] Finality, in bankruptcy, is a more flexible concept because proceedings can continue for a long time, and the Bankruptcy Court regularly resolves discrete claims at various stages of the case. *In re Hooker Investments, Inc.*, 937 F.2d 833, 836 (2d Cir. 1991) (quoting *BancTexas Dallas, N.A. v. Chateaugay Corp. (In re Chateaugay Corp.)*, 880 F.2d 1509, 1511 (2d Cir.1989)).

■ Finality requires that the order "completely resolve all the issues pertaining to a discrete claim, including issues as to the proper relief." *In re Integrated Resources, Inc.*, 3 F.3d 49, 53 (2d Cir.1993); *accord, In re Fugazy Express*, 982 F.2d 769, at 775 (2d Cir.1992) ("a final order is one that conclusively determines the rights of the parties to the litigation, leaving nothing for the district court to do but execute the order"); *In re Chateaugay Corp.*, 880 F.2d at 1511 (orders are final only if they "dispose of discrete disputes within the larger case"); *In re American Colonial Broadcasting*, 758 F.2d at 801 (The order must " 'conclusively determine' the dispute ... and leave 'nothing to be done in the cause save superintend, ministerially, the execution of the decree.' ") (quoting *City of Louisa v. Levi*, 140 F.2d 512, 514 (6th Cir.1944)).

■ Courts addressing the finality of orders directing the appointment of a trustee or examiner have reached consistent results. For example, an order appointing a specific individual as a trustee represents the last step in the contested matter under 11 U.S.C. § 1104(a), and is therefore final. *See, e.g., In re Plaza de Diego Shopping Center, Inc.*, 911 F.2d 820, 826 (1st Cir.1990) (order of appointment finally resolves a discrete dispute over the authority and procedure for the appointment of a trustee, "culminating" in the appointment of the specific individual); *In re Homer Arth Well No. 1*, 529 F.2d 1272, 1274 (6th Cir.1976) (order appointing particular trustee substantially determines an issue since it decided the identity of the trustee); *cf. In re Delta Services Industries, Etc.*, 782 F.2d 1267, 1272 (5th Cir.1986) (order appointing *interim* Chapter 7 trustee not final).

Similarly, an order denying a motion to appoint an examiner or a trustee conclusively resolves a contested matter under 11 U.S.C. § 1104, and is also final. *In re Revco D.S., Inc.*, 898 F.2d 498 (6th Cir.1990) (examiner); *see, e.g., In re A.H. Robins Co.*, 828 F.2d 239 (4th Cir.1987) (trustee); *Canadian Commercial Bank v. Hotel Hollywood (In re Hotel Hollywood )*, 95 B.R. 130, 131–32 (9th Cir. BAP 1988) (trustee); *cf. In re St. Charles Preservation Investors, Ltd.*, 112 B.R. 469, 472 (D.D.C.1990) (order denying motion to confirm election of permanent Chapter 7 trustee is final).

In contrast, an order directing the appointment of an examiner or trustee, that leaves open the identity and approval of the candidate, lacks finality. Additional steps must occur before the contested matter under § 1104 is completely resolved. Consequently, such orders are non-final, and an appeal can go forward only by leave of the District Court or under some exception to the final judgment rule. *See, e.g., In re Strowski*, 96 B.R. 1007, 1008 (9th Cir. BAP 1989) (order directing the appointment of a trustee appealable as collateral order); *In re Paolino*, 60 B.R. 828–29 (E.D.Pa.1986) (treating notice of appeal as motion for leave to appeal); *In re New Haven Radio, Inc.*, 23 B.R. 762, 764 n. 2 (S.D.N.Y.1982) ("It is unnecessary to decide here whether orders appointing trustees are interlocutory or final under the new Code because even if interlocutory this Court would grant leave to appeal for the reasons discussed herein.") (Weinfeld, D.J.)[3]

---

2. The Court of Appeals has jurisdiction over a bankruptcy appeal from a district court order only if the underlying bankruptcy order was final. *In re Fugazy Express, Inc.*, 982 F.2d 769, 778 (2d Cir.1992); *In re Hooker Investments, Inc.*, 937 F.2d 833, 836 (2d Cir.1991); see 28 U.S.C. § 158(d). Hence, decisions of the Court of Appeals regarding its own jurisdiction to hear bankruptcy appeals from the district court are relevant to the determination of this Court's jurisdiction.

3. Judge Weinfeld noted that under the Bankruptcy Act such orders were interlocutory, but that the Bankruptcy Code legislative history "suggests that Congress considered the appointment of a

## C. The Examiner Order

The foregoing authorities resolve the issue before the Court. The Examiner Order is interlocutory because it does not completely resolve the discrete dispute raised by the examiner motion brought under 11 U.S.C. § 1104.[4] The Examiner Order merely directs the United States Trustee to select an individual. The United States Trustee must then appoint the actual person, and thereafter apply to the Court for approval of his appointment. 11 U.S.C. § 1104(c); Bankruptcy Rule 2007.1(b). His candidate must be disinterested, 11 U.S.C. § 1104(c), and approval lies within the Bankruptcy Court's discretion. 8 L. King et al., *Collier on Bankruptcy* ¶ 2007.1.01[1], at 2007.1–2 (15th ed. 1993) (reprinting Advisory Committee Note to 1991 Amendments).

The order approving the appointment of the actual examiner—the Appointment Order—is the "culminating" event in the resolution of the examiner dispute, and concludes the contested matter brought under 11 U.S.C. § 1104(b). *See Plaza de Diego Shopping Center*, 911 F.2d at 826. Indeed, the order directing the appointment of an examiner, without more, is a Pyrrhic victory for the movant; the movant does not get any relief until the Court approves the appointment of the actual examiner. Until then, no one exists that can exercise the authority granted by the Examiner Order or under 11 U.S.C. § 1106(b).

Further, the issues raised by the appeal from the Examiner Order will neither escape review nor will that review be long delayed if the Appointment Order is deemed to be the final appealable order in connection with a motion under 11 U.S.C. § 1104(b). The Committee need not wait until the end of the

case before it can appeal the Examiner Order. The Examiner Order is the next to last step in a discrete matter that is nearly concluded. Here, the Appointment Application followed within only four days of the entry of the Examiner Order. The appeal from the Appointment Order, which is final, can raise all issues concerning the Examiner Order, the Appointment Order, and any other interlocutory orders entered in connection with the examiner dispute.

█ Finally, even if an appeal were authorized, it should not divest the Bankruptcy Court of jurisdiction over the Appointment Application. The issues raised in the appeal from the Examiner Order differ from those raised in the Appointment Application. Hence, there is no danger that the Bankruptcy Court will intrude on the jurisdiction of the District Court, or that both Courts will spend time deciding the same issue. The appeal from the Examiner Order concerns whether the Bankruptcy Court erred as a matter of law, or abused its discretion, in determining that cause existed for the appointment of an examiner under 11 U.S.C. § 1104(b). The issue raised in connection with the application to appoint Mr. Mayer, or any other candidate, is whether the candidate is disinterested within the meaning of Section 101(14) of the Bankruptcy Code. 11 U.S.C. § 1104(c). Thus, this Court's consideration of the Appointment Application will not violate the judge-made rule "designed to avoid the confusion and waste that might flow from putting the same issues before two courts at the same time." 9 Moore's ¶ 203.11 at 3–48.

## D. Conclusion

A motion to appoint an examiner initiates a contested matter under 11 U.S.C. § 1104(b).

trustee to be a final order." *In re New Haven Radio, Inc.*, 23 B.R. at 764 n. 2 (citing H.R.Rep. 595, 95th Cong., 1st Sess. 444 (1977)). However, in *In re Delta Services Industries*, 782 F.2d at 1269–70, Circuit Judge Thornberry observed that this legislative history—which Judge Weinfeld cited—pertained to § 238 of the House Bill, which never became law. Consequently, he concluded that the legislative history should not be relied on in interpreting the Bankruptcy Code.

4. The application to appoint the examiner is only one of the issues raised in this adversary pro-

ceeding. One could argue that since the Examiner Order does not completely resolve all the issues in this adversary proceeding, it must be deemed interlocutory. Nevertheless, the Court will treat the examiner application as a discrete issue since it could have been raised by motion, Bankruptcy Rule 2007.1, and was presumably joined in this adversary proceeding with the related request for injunctive relief which does require an adversary proceeding. Bankruptcy Rule 7001.

If the Bankruptcy Court grants the motion and directs the United States Trustee to appoint an examiner, this does not conclude the contested matter; the United States Trustee must apply to the Court, and the Court must approve his selection. 11 U.S.C. § 1104(c); Bankruptcy Rule 2007.1(b).

The Examiner Order is, therefore, an interlocutory order, and Committee's appeal does not deprive the Bankruptcy Court of jurisdiction to proceed with the United States Trustee's application to appoint a specific person as examiner. In addition, the Appointment Application raises different issues than those currently before the District Court, and this Court's determination will not affect matters on appeal.