43 F.3d 1466
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: Jacob FRAIDIN, Debtor.
Jacob FRAIDIN, Plaintiff-Appellant,
v.
Andre WEITZMAN; Sheldon H. Braiterman, Defendants-Appellees.
 No. 94-1658.
 United States Court of Appeals, Fourth Circuit.
 Dec. 9, 1994.
Argued: November 3, 1994.
Decided: December 9, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-94-352-JFM, BK-91-857)
 Janet Marsha Nesse, GINS & SEEBER, P.C., Washington, D.C., for Appellant.
 Andre R. Weitzman, Baltimore, Maryland, for Appellees.
 Sheldon H. Braiterman, Baltimore, Maryland, for Appellees.
 D.Md.
 AFFIRMED.
 Before RUSSELL, WILKINS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jacob Fraidin appeals the decision of the district court upholding the appointment of a Chapter 11 trustee by the bankruptcy court. Because we conclude that the appointment of a trustee was not an abuse of discretion, we affirm.
 
 I.
 
 2
 After Fraidin filed for protection under Chapter 11 of the Bankruptcy Code, two creditors with outstanding judgments against Fraidin moved for the appointment of a trustee. At the conclusion of a two-day hearing, the bankruptcy court stated that it was appointing a trustee because it had "absolutely no confidence in the debtor in terms of his capacity to honestly administer his own Chapter 11 bankruptcy."
 
 
 3
 The bankruptcy court based its decision on what it called "a multitude of factors," one of which was pre-petition dishonesty. Fraidin is a convicted felon, having been found guilty of theft while acting as a foreclosure trustee. See Fraidin v. State, 583 A.2d 1065 (Md. Ct. Spec.App.), cert. denied, 589 A.2d 57 (Md.1991).* More recently,
 
 
 4
 Fraidin was found liable in a civil action for tortious interference with contract and civil conspiracy and was ordered to pay $1.5 million in punitive damages. Also, the bankruptcy judge found that Fraidin had used aliases as late as 1986, but did not disclose those names as required on the bankruptcy petition. Moreover, the bankruptcy court found that Fraidin had no credibility, given his "evasive, self-serving, unclear, and obviously not forthcoming" testimony during the hearing.
 
 II.
 
 5
 The appointment of a trustee is provided for in 11 U.S.C.A. Sec. 1104(a) (West 1993):
 
 
 6
 [O]n request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee--
 
 
 7
 (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case ...; or
 
 
 8
 (2) if such appointment is in the interests of creditors.
 
 
 9
 Since the Bankruptcy Code favors allowing a debtor in possession to continue managing its business operations, the appointment of a trustee in a Chapter 11 case is an extraordinary remedy; it "is the exception rather than the rule." In re U.S. Communications of Westchester, Inc., 123 B.R. 491, 495 (Bankr.S.D.N.Y.1991).
 
 
 10
 The decision of whether a debtor's conduct justifies the appointment of a trustee is a matter committed to the discretion of the lower courts. See Committee of Dalkon Shield Claimants v. A.H. Robins Co., 828 F.2d 239, 242 (4th Cir.1987). Here, the decision was made in the first instance by the bankruptcy court and affirmed by the district court. This court, as a second court of review, considers the decision of the bankruptcy court under the same standards that apply to the district court. Brown v. Pennsylvania State Employees Credit Union, 851 F.2d 81, 84 (3d Cir.1988). Thus, the question here is not whether this court would have appointed a trustee had it been deciding the question in the first instance, but whether the bankruptcy court abused its discretion in appointing a trustee. Findings of fact by the bankruptcy court are reviewable by this court only for clear error and legal questions are subject to de novo review. Canal Corp. v. Finnman (In re Johnson), 960 F.2d 396, 399 (4th Cir.1992); Bankr.R. 8013.
 
 
 11
 Fraidin argues that the evidence was insufficient to support the appointment of a trustee, noting that he was not delinquent in any filings related to his bankruptcy case and that no evidence was presented that he was engaged in any improper conduct at the time the hearing was held. Thus, he claims, the appointment was improper.
 
 
 12
 We conclude that the findings of the bankruptcy court--that Fraidin had engaged in a prolonged pattern of dishonest conduct and had no credibility at the hearing--are supported by the record. Section 1104(a)(1) expressly provides that dishonesty, whether before or after the filing of the bankruptcy petition, justifies the appointment of a trustee. The bankruptcy court considered Fraidi's evidence of his proper conduct regarding his bankruptcy case, but nonetheless found that his pattern of dishonesty justified the appointment of a trustee. We find no abuse of discretion and accordingly affirm the order of the district court.
 
 AFFIRMED
 
 
 *
 The Maryland Court of Special Appeals wrote: "The permissible picture emerges of Fraidin as an extremely clever manipulator of complicated commercial transactions who ... at least had avarice in his heart. To feed that avarice, he created at-times labyrinthine confusion. He then sought to exploit that confusion to his own advantage." Fraidin, 583 A.2d at 1081