NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7135

HOWARD F. EDWARDS,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  December 6, 2005

_____

Before  CLEVENGER, SCHALL, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Howard F. Edwards appeals from a decision of the Court of Appeals for Veterans Claims ("the Veterans Court") remanding two cases to the Board of Veterans' Appeals and denying Mr. Edwards's motions to supplement the record and to supplement his reply brief.  <u>Edwards v. Principi</u>, No. 02-0937 (Vet. App. Oct. 26, 2004).  For the reasons discussed below, we conclude that this court lacks jurisdiction to review the Veterans Court's remand order.  We therefore <u>dismiss</u> Mr. Edwards's appeal to this court.

## BACKGROUND

Mr. Edwards served on active duty with the United States Army in the early 1950s. In 1954, a Veterans Administration regional office awarded Mr. Edwards a noncompensable rating for residuals of fractures of the transverse processes at L-2 and L-3. In 1975, the regional office denied service connection for retroperitoneal fibrosis ("RPF"), a condition that Mr. Edwards alleged was related to the L-2 and L-3 injury. Mr. Edwards appealed that decision to the Board of Veterans' Appeals, which affirmed the regional office's decision. In 1997, in response to a claim filed by Mr. Edwards, the regional office ruled that Mr. Edwards's RPF condition was service connected. The regional office made that decision effective as of April 5, 1989, but it granted Mr. Edwards a noncompensable rating for that condition. Mr. Edwards filed a notice of disagreement with that decision in 1998.

In early 2000, Mr. Edwards requested reconsideration of the 1975 Board decision that denied service connection for his RPF condition, arguing that there was clear and unmistakable error ("CUE") in the Board's 1975 decision. In the first of two decisions issued in March 2000, the Board denied Mr. Edwards's claims for an earlier effective date for the grant of service connection for RPF and for a total rating based on individual unemployability, and it denied his request for an increased evaluation for the residuals of the transverse processes injury. In the second decision, the Board denied Mr. Edwards's CUE claim. In October 2001 the Veterans Court vacated both of those Board decisions and remanded both cases to the Board for readjudication.

On June 17, 2002, the Board of Veterans' Appeals again issued two opinions denying Mr. Edwards's then-pending claims. The first Board decision denied his claim to an effective date prior to April 5, 1989, for the determination of service connection for

RPF, denied an increased evaluation for residuals of the transverse process fractures, and denied his request for a rating of total disability based on individual unemployability. In that decision, the Board concluded that Mr. Edwards's 1998 notice of disagreement challenged the effective date of service connection for RPF, but that it did not challenge the RPF rating assigned in 1997. The second Board decision rejected Mr. Edwards's challenge to the 1975 Board decision, which was based on his assertion that the 1975 decision was the result of CUE.

Mr. Edwards appealed both of the 2002 Board decisions to the Veterans Court. With respect to the first of those decisions, the court held that the Board did not provide an adequate explanation of why it viewed Mr. Edwards's 1998 notice of disagreement as being limited to challenging the effective date for service connection for RPF. In the court's view, Mr. Edwards's notice of disagreement also challenged the noncompensable RPF rating assigned by the regional office in 1997. With respect to the other claims raised in both the first and second of the Board decisions, the court concluded that Mr. Edwards's CUE claim and the effective date for service connection for RPF were "inextricably intertwined" with the RPF rating. The court therefore remanded both cases to the Board, ordering the Board to "address the appellant's contention regarding his rating for RPF, or give an adequate statement of reasons or bases as to why it finds that such a claim was not raised by the appellant." The remand order also disposed of Mr. Edwards's motions to supplement the record and to supplement his reply brief by providing that "on remand Mr. Edwards is free to submit additional evidence and argument necessary to the resolution of his claim."

DISCUSSION

In applying the statute that grants us jurisdiction over appeals from the Veterans Court, 38 U.S.C. § 7292, we have generally declined to review nonfinal orders of that court. In particular, we have held that remand orders ordinarily are not appealable, because they are not final orders. See Winn v. Brown, 110 F.3d 56, 57 (Fed. Cir. 1997). We have, however, recognized exceptions to this general rule. For example, we have exercised review "when the remand disposes of an important legal issue that would be effectively unreviewable at a later stage of the litigation." Allen v. Principi, 237 F.3d 1368, 1372 (Fed. Cir. 2001) (internal quotation marks omitted). We have also recognized an exception that gives us jurisdiction when a veteran's case involves multiple separate claims, and the Veterans Court has remanded some of the claims but reached final judgment on others. Elkins v. Gober, 229 F.3d 1369, 1375-76 (Fed. Cir. 2000). In those cases, however, our jurisdiction is limited to reviewing claims that were finally decided by the Veterans Court and that are not intertwined with remanded claims. See Allen, 237 F.3d at 1374.

In the present case, the Veterans Court's decision did not finally decide any issue. Mr. Edwards presented multiple claims in his two appeals, and the Veterans Court found that the claims were inextricably intertwined. The court concluded that the rating for RPF, the effective date for RPF, and Mr. Edwards's CUE claim all involve the same condition (RPF), and that the remand proceedings could affect all of them. Thus, there is no final judgment with respect to any of Mr. Edwards's claims. Moreover, the Veterans Court did not finally dispose of any legal issue that will affect the remand proceedings. Mr. Edwards's claims and arguments will be preserved on remand, and

05-7135                                    4

he will be free to raise them in a subsequent appeal. Thus, we defer to the "orderly process of adjudication," Elkins, 229 F.3d at 1373, by allowing the remand proceedings to run their course rather than interfering in the ongoing decisional process conducted by the Board and the Veterans Court.

In his brief to this court, Mr. Edwards suggests that he never raised the RPF rating issue, either before the Board or the Veterans Court. Instead, he argues, the Board and the Veterans Court improperly "infused" that issue into his appeal. In Mr. Edwards's view, the only issue properly before the Board or the Veterans Court was his CUE claim, which was remanded only because the Veterans Court found it to be intertwined with his RPF rating claim. Accordingly, Mr. Edwards contends, the Veterans Court erred in remanding the case, and this court should order the Veterans Court to decide his CUE claim instead of remanding that matter to the Board.

The problem with Mr. Edwards's argument is that he did not limit himself to the CUE issue in his pleadings leading up to the Veterans Court's remand order. In his motions for rehearing in the Veterans Court and in his brief to this court, Mr. Edwards focused only on his CUE claim. However, the Veterans Court was correct in noting that Mr. Edwards's 1998 notice of disagreement explicitly challenged the RPF rating. And in his appeal to the Veterans Court, Mr. Edwards challenged both Board decisions, not just the CUE decision. Thus, in light of the notice of disagreement and Mr. Edwards's papers in support of his appeal, the Veterans Court could not properly have limited the scope of its review to the CUE issue. On remand, Mr. Edwards is free to abandon particular claims and to limit himself to his CUE claim. But Mr. Edwards cannot contest the decision of the Veterans Court to remand his appeal to the Board by now

abandoning the claims that he pursued in that court, which resulted in the remand to the Board.

Because the Veterans Court did not render a final judgment on any issue or claim, and because it was not improper for that court to remand both cases in light of the claims that were presented to it, there is no proper basis for us to exercise jurisdiction at this time. Accordingly, Mr. Edwards's appeal to this court is dismissed.