# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-937

HOWARD F. EDWARDS,                                                    PETITIONER,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS,                                       RESPONDENT.

Before KASOLD, HAGEL, and LANCE, *Judges*.

## O R D E R

This order is being issued because of Mr. Edwards's persistent filing of frivolous petitions despite a court order notifying him that he could be sanctioned for continuing to do so.

This case has been before the Court since June 20, 2002, when Mr. Edwards filed a Notice of Appeal with respect to two June 17, 2002, Board of Veterans' Appeals (Board) decisions. On October 26, 2004, the Court vacated both of those Board decisions and remanded to the Board the matters that were the subjects of those decisions. Mr. Edwards was dissatisfied with that decision. After exhausting all avenues of review before this Court, and following an appeal to the U.S. Court of Appeals for the Federal Circuit, Mr. Edwards has filed at least five pleadings with this Court in which he attempts to continue litigating his exhausted appeal.

In an October 12, 2006, single-judge order, which is attached as an appendix to this order, Mr. Edwards was informed that his latest filings were frivolous and detracted from the Court's ability to address matters appropriately before it. *See Edwards v. Nicholson*, No. 02-397, 2006 U.S. App. Vet. Claims LEXIS 1262 (Oct. 12, 2006). Those matters include the appeals and petitions of other veterans and claimants. Mr. Edwards was also advised that he could be sanctioned should he submit another such filing. *See id.* On October 23, 2006, Mr. Edwards filed with the Court yet another pleading in which he seeks to relitigate issues pertaining to his already exhausted appeal. That pleading was returned to Mr. Edwards on November 22, 2006. On December 4, 2006, the Court received from Mr. Edwards a similar pleading.

The filing of frivolous petitions is sanctionable under Rule 38 of the Court's Rules of Practice and Procedure, and disregarding Court orders is punishable as an act of contempt. *See* 38 U.S.C. § 7265(a)(3) (providing the Court with the authority to punish by fine or imprisonment an act of contempt such as "disobedience or resistance to [a Court] . . . order"). Indeed, other courts have imposed monetary sanctions for such acts. *See Turner v. United States,* 250 F.3d 759 (Fed. Cir. 2000) (ordering that "Turner's appeal is dismissed as frivolous" and that "Turner is sanctioned $100 for failure to comply with the court's June 8, 1998 order. Until the sanction is paid, the clerk is

directed to return to Turner any document submitted."); *see also Support Sys. Int'l v. Mack,* 45 F.3d 185, 186-87 (7th Cir. 1995) (enjoining a self-represented appellant from filing further pleadings with the Court, subject to limited exception, because he had not paid a $5,500 sanction imposed for his repeated frivolous filings); *Vinson v. Heckmann*, 940 F.2d 114, 116 (5th Cir. 1991) (enjoining a self-represented appellant from filing anything without prior authorization after noting, among other things, that he had been sanctioned $1,000 for filing a frivolous appeal).

We are mindful that Mr. Edwards is self-represented, and that fact weighs heavily upon us. Nevertheless, the repeated filing of frivolous pleadings cannot continue. Accordingly, except for the filing of a Notice of Appeal with respect to a Board decision other than the two June 17, 2002, Board decisions that were vacated by the Court in October 2004, Mr. Edwards may not file ***any*** further pleading with the Court, whether under Docket Number 02-937 or any other docket number, without first filing a motion seeking permission to file that pleading.

Any such motion must satisfy the following requirements: (a) The motion must explain why the particular pleading that Mr. Edwards seeks to file is not prohibited by this order and the Court's October 12, 2006, single-judge order; (b) the motion must describe the document that Mr. Edwards seeks to file and the relief sought in the proposed filing; (c) the motion cannot exceed two pages in length; and (d) the motion must be accompanied by the payment of a $50 filing fee. Motions filed pursuant to this order will be referred to a single judge for appropriate disposition.

On consideration of the foregoing, it is

ORDERED that the Clerk of the Court return to Mr. Edwards the December 4, 2006, pleading. It is further

ORDERED that Mr. Edwards comply with this order before filing any future pleading with the Court. It is further

ORDERED that the Clerk of the Court return to Mr. Edwards any filing that is not in compliance with the procedure prescribed above. It is further

ORDERED that Mr. Edwards is subject to further sanction, including a fine, should he fail to abide by the terms of this order by filing a pleading that is not in compliance with the procedure prescribed herein. It is further

ORDERED that Mr. Edwards, no earlier than two years from the date of this order, may file a motion to rescind this order.

DATED: January 11, 2007                    PER CURIAM.

*Designated for electronic publication only*

# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-937

HOWARD F. EDWARDS,                                    PETITIONER,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS,                        RESPONDENT.

Before HAGEL, *Judge*.

# O R D E R

*Note:  Pursuant to U.S. Vet. App. R. 30(a),
this action may not be cited as precedent.*

On October 26, 2004, in a single-judge decision, the Court vacated two Board of Veterans' Appeals (Board) decisions dated June 17, 2002, and remanded to the Board the matters that were the subjects of those Board decisions.  The first Board decision, among other things, denied entitlement to an earlier effective date for service connection for retroperitoneal fibrosis.  The second Board decision dismissed two motions for revision of an October 1975 Board decision on the grounds of clear and unmistakable error.  The October 2004 single-judge decision found that the two Board decisions were inextricably intertwined and remanded both matters.

Mr. Edwards proceeded to file a motion for panel review, which was denied in December 2004.  The following month, he filed a motion for reconsideration by the panel, or in the alternative, a full-court consideration.  This motion was denied in February 2005.  Mr. Edwards then sent correspondence to the Court alleging procedural error, and in March 2005, he made a motion to file a supplemental brief.  The Court denied that motion.  Later that month, he appealed the Court's October 2004 decision to the United States Court of Appeals for the Federal Circuit (Federal Circuit).

On December 6, 2005, the Federal Circuit issued a decision dismissing his appeal for lack of jurisdiction, reasoning that this Court had not made a final decision with respect to any of his claims because they were inextricably intertwined and both Board decisions had been vacated and remanded. *Edwards v. Nicholson*, No. 05-7135, slip op. at 4 (Fed. Cir. Dec. 6, 2005).

On December 20 and 22, 2005, Mr. Edwards filed with the Court two petitions for extraordinary relief in the nature of writs of mandamus.  Those filings were also docketed under 02-

937, the same docket number assigned to his original appeal of the July 2002 Board decisions. In both of those filings, he took issue with the Court's October 26, 2004, single-judge order. The Court denied those petitions in an order dated January 27, 2006. In that order, the Court noted as follows:

> In this case, Mr. Edwards had requested review of both Board decisions issued June 17, 2002, and he received review of two Board decisions with intertwined issues by the Court through a single judge. That decision remained intact through a motion for panel review, a motion for reconsideration by the panel, a motion for full-Court review, and an appeal to the Federal Circuit. As a result, the decision of the Court to vacate and remand the June 2002 Board decisions remains undisturbed, and the matters are now pending before VA. The Court reiterates that Mr. Edwards is free to abandon particular claims and limit the scope of his review before the Board or regional office to the issue of clear and unmistakable error in a prior Board decision if he so chooses. He may not, however, petition this Court for a writ that would effectively allow him to bypass the standard appeals process.

*Edwards v. Nicholson,* No. 02-397, 2006 U.S. App. Vet. Claims 166 (Jan. 27, 2006).

Following that decision, on February 7, 2006, Mr. Edwards filed with the Court a document entitled "appellant's petition [] to withdraw from appeal selected Board of Veteran['s] Appeals decisions." Because it repeated the same arguments asserted in the petitions that were denied in the January 27, 2006, order, the Court construed the February 7, 2006, document as a motion for reconsideration of the January 2006 order. The Court then denied that construed motion for reconsideration.

Later in February 2006, and again in March 2006, Mr. Edwards filed motions challenging the Court's October 2004 decision. The Court returned those papers to Mr. Edwards because they were not contemplated by the Court's Rules of Practice and Procedure (Rules).

In August 2006, the Court received from Mr. Edwards a pleading attacking the Court's January 27, 2006, order, which was unappealed and had by then become final. The Court returned that pleading to Mr. Edwards because it was not contemplated by the Rules. On September 11, 2006, the Court again received from Mr. Edwards a pleading attacking the Court's January 27, 2006, order.

Although Mr. Edwards had exhausted all of his possible remedies with respect to the Court's October 2004 decision, including an appeal to the Federal Circuit, he did not stop there. Instead, he filed two petitions essentially challenging the Court's final order. In denying those petitions, the Court informed him that he had exhausted the appeals process with respect to the matters that were the subject of the Court's October 2004 decision and that those "matters are now pending before VA." *Id.* The Court also informed him that a petition was not appropriate because it would act to "effectively allow him to bypass the standard appeals process." *Id.* Nevertheless, Mr. Edwards continues to pursue the matter doggedly, now submitting various pleadings challenging the Court's final decision denying his petition as well as the October 2004 final decision in which the Court remanded the matters that were the subjects of two June 17, 2002, Board decisions.

Rule 38 of the Court's Rules of Practice and Procedure states that "[i]f the Court determines that an appeal, petition, motion, or other filing is frivolous, it may enter such order as it deems appropriate." A filing can be deemed frivolous when a litigant files pleadings in a matter that has already been decided, in other words, where there is no further action the Court can take on the matter. *See Zerman v. Jacobs*, 751 F.2d 82, 15 (2nd Cir. 1984) ("This appeal is frivolous. Plaintiff, having kept this lawsuit going for over four years, is making his third trip to this Court. He continues to relitigate the same issue that the district court decided and we affirmed in 1981."); *see also Pittman v. Moore*, 980 F.2d 994 (5th Cir. 1993) ("[C]omplaints may be dismissed as frivolous if they seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff."). Considering the history of this appeal, the Court has, to this point, shown restraint in not admonishing Mr. Edwards for the repetitive and frivolous nature of the pleadings received by the Court beginning with his December 2005 petitions. Those petitions, and the pleadings that followed them, are considered frivolous under the law because the October 2004 order disposed of his appeal (docket no. 02-937) and Mr. Edwards has exhausted all of his remedies with respect to that October 2004 order, including an appeal to the Federal Circuit. That appeal is simply no longer before the Court, and no document filed by Mr. Edwards with the Court can affect the outcome of these matters. In short, Mr. Edwards should not be submitting documents with respect to an appeal that has already been decided. The amount of time expended by the Court in dealing with these frivolous filings detracts from the Court's ability to address matters appropriately before it. And, although the Court understands Mr. Edwards's zeal, Mr. Edwards must understand that the Court can take no further action on any pleading(s) filed in connection with his already disposed-of appeal (docket no. 02-937).

In light of the foregoing, the Court will direct the Clerk of the Court to return to Mr. Edwards his September 11, 2006, pleading. Because he is unrepresented, the Court does not believe that, prior to the issuance of this order, Mr. Edwards understood the detrimental impact of his constant filings on the Court's operations. As a consequence, Mr. Edwards is now instructed that, should he submit another filing in this appeal (docket number 02-937), the Court, pursuant to Rule 38, may issue an order imposing upon him any sanction(s) that it deems appropriate. *See Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1582 (Fed. Cir. 1991) ("[W]hile courts are particularly cautious about imposing sanctions on a litigant [who is not represented by counsel], whose improper conduct may be attributed to ignorance of the law and proper procedures . . . , this and other circuits have imposed sanctions in cases where even a non-lawyer should have been aware that his conduct was frivolous."); *see also Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) ("That his filings are [without the assistance of counsel] offers Farguson no impenetrable shield, for one acting [without counsel] has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."). Such sanctions may include the imposition of a monetary penalty and the return to Mr. Edwards of all future pleadings filed in connection with this appeal. *See Turner v. United States,* 250 F.3d 759 (Fed. Cir. 2000) (ordering that "Turner's appeal is dismissed as frivolous" and that "Turner is sanctioned $100 for failure to comply with the court's June 8, 1998 order. Until the sanction is paid, the clerk is directed to return to Turner any document submitted"); *see also In re Martin-Trigona*, 737 F.2d 1254, 1262 (2nd Cir. 1984) ("The district court in the present case thus had the power and the obligation to protect the public and the efficient administration of justice from Martin-Trigona's litigious propensities. Injunctive relief was fully appropriate, since other sanctions would not be effective.").

Nothing in this order should be construed to prohibit Mr. Edwards from filing with the Court documents in any other appeal.

On consideration of the foregoing, it is

ORDERED that the Clerk of the Court return to Mr. Edwards the September 11, 2006, pleading. It is further

ORDERED that the Court may impose upon Mr. Edwards any sanction(s) that it deems appropriate should he file any other pleadings in this appeal (docket no. 02-937).

DATED: October 12, 2006

BY THE COURT:


LAWRENCE B. HAGEL
Judge

Copies to:

Howard F. Edwards

VA General Counsel (027)